174 So.2d 565 (1965)
G.P. HODGES and R.H. Hodges, Appellants,
v.
BUCKEYE CELLULOSE CORPORATION, an Ohio Corporation, appellee.
No. F-370.
District Court of Appeal of Florida. First District.
April 29, 1965.
Rehearing Denied May 21, 1965.
*566 Joe A. McClain, Dade City, and Raymond H. Hodges, Zephyrhills, for appellants.
Hall, Hartwell & Hall, Tallahassee, for appellee.
CARROLL, DONALD K., Judge.
The plaintiffs in a suit for a declaratory decree have taken this interlocutory appeal from an order entered by the Circuit Court for Taylor County granting the defendant's motion to strike Count I of their amended complaint and also to strike two paragraphs of the said count which were incorporated by reference in Count II.
In Count I and the said two paragraphs of their amended complaint the plaintiffs allege that Chapter 24952, Laws of Florida, Special Acts of 1947, is unconstitutional in that it fails to provide for a reasonable classification, denies to the plaintiffs the equal protection of the laws, and results in the taking of their property for a private use and without due process of law, in violation of the Constitutions of the United States and of the State of Florida. In the remaining allegations of their amended complaint the plaintiffs allege that they, as tenants in common, own certain described lands in Taylor County on which are located a dwelling house and a well and that one of the plaintiffs also owns certain other described lands on which are located a dwelling house, used during weekends and periods of rest, and a well; that, pursuant to the provisions of the said Chapter 24952, the defendant has been discharging effluent from its mill into the Fenholloway River, which river has been diverted by the defendant so that now the only thing separating the river from the plaintiffs' lands is a certain road, and that the said effluent has polluted and contaminated the waters of the river and the underground percolating waters underneath their lands; and that the defendant's said acts have rendered the plaintiffs' lands unfit for human habitation and have diminished and will continue to diminish the value of the said lands.
The basic difference between Count I and Count II of the amended complaint is revealed *567 in their respective prayers for relief. In the first count, which was stricken by the order appealed from, the plaintiffs pray that the court take jurisdiction of the cause, receive proof of the allegations, and adjudicate that the said Chapter 24952 is null and void. In the second count, after reiterating and adopting by reference paragraphs 1 through 20 of the first count, the plaintiffs aver that the defendant's alleged acts constitute a private nuisance and have drastically diminished the value of their said lands, and they demand judgment in the sum of $15,800 damages, costs, and charges of the action as to one plaintiff and the sum of $10,800 as to the other.
In paragraphs 18 and 19 of the first count, which were incorporated in the second count and stricken therefrom by the order appealed from, the plaintiffs allege that they have been precluded from obtaining relief from the defendant's discharging of the wastes and pollution of the waters because of the provisions of the said Chapter 24952, which denies to the plaintiffs the equal protection of the law as guaranteed by the United States Constitution.
The plaintiffs further allege in the said paragraphs 18 and 19 that the said Chapter 24952 is unconstitutional for the reasons that it has no reasonable classification, results in the taking of the plaintiffs' property for a private use and without due process of law, is unreasonable, oppressive, and arbitrary, and is repugnant to the general statutory laws of Florida.
The grounds for the defendant's motion to strike Count I of the amended complaint and the 18th and 19th paragraphs thereof incorporated in Count II are that the said complaint fails to allege facts showing that the plaintiffs have a sufficient interest in the subject-matter of Chapter 24952 to give them standing to question its constitutionality; and that a judicial declaration of such constitutionality is totally unnecessary to a complete adjudication of the plaintiffs' claims for damage to their property, and such constitutionality is not in issue between the parties.
In the order appealed from herein the chancellor granted the defendant's said motion to strike, but did not set forth the reasons for his said ruling. Incidentally, in the same order the chancellor also denied the defendant's motion to dismiss the plaintiffs' amended complaint, but this particular ruling has not been brought before us for our review in this interlocutory appeal.
Chapter 24952, Laws of Florida, Special Acts of 1947, declares that Taylor County is a manufacturing industrial area and provides, in substance, that municipal corporations, persons, firms, and corporations operating manufacturing and industrial plants in the said county are granted the right and power to discharge and deposit sewage, industrial and chemical wastes and effluents, or any of them, into the waters of the Fenholloway River and into the waters of the Gulf of Mexico, into which the said river flows, provided, however, that the navigation of such waters shall not thereby be impeded or obstructed. This chapter contains, however, no provision specifically exempting such person, firm, or corporation from liability if such discharge or deposit causes damage to the person or property of any private person.
Our last observation is at the heart of the main argument made by the appellee-defendant to support its contention that the plaintiffs did not have sufficient standing in court to bring this suit contesting the constitutionality of Chapter 24952. In its brief the appellee asserts that all the said Chapter does is to remove restrictions otherwise imposed by the state upon Taylor County industries against discharging industrial wastes into the Fenholloway River  that it "does not take away any private person's right to sue for any tort in connection with the operation of industries." We think this contention is well founded.
The rule on this point, well established in this and other jurisdictions, was stated by *568 the Supreme Court of Florida in Lykes Bros., Inc. v. Board of Com'rs of Everglades Drainage Dist., 41 So.2d 898 (1949) as follows:
"It is the established rule that before a person will be heard to question the constitutionality of an act of the legislature he must show that his personal or property rights will be injuriously affected by its operation. Where he is unable to show, as a matter of fact, that he will suffer injury or prejudice by the enforcement of such a statute he will not be heard to question its constitutionality."
This statement of the rule coincides with the elementary doctrine of constitutional law, apparently recognized throughout the country, as set forth in 11 Am.Jur., Constitutional Law, Sec. 111, as follows:
"One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights. Assailants must therefore show the applicability of the statute and that they are thereby injuriously affected."
In our opinion, therefore, the chancellor correctly granted the defendant's motion to strike under the provision in Rule 1.11(f), 30 F.S.A. that the court "may order stricken from any pleading * * * any redundant, immaterial, impertinent, or scandalous matter." The matter stricken in his order seems to us immaterial, if not also impertinent.
The appellants having failed to demonstrate reversible error, we hold that this appeal is without substantial merit, so this interlocutory appeal, pursuant to Rule 4.2 (c) of the Florida Appellate Rules, 31 F.S.A., should be and it is
Dismissed.
WIGGINTON, Acting C.J., and RAWLS, J., concur.