217 So.2d 836 (1969)
CITY OF MIAMI BEACH, a Municipal Corporation of the State of Florida, Petitioner,
v.
Martin WEISS, Respondent.
No. 37482.
Supreme Court of Florida.
January 15, 1969.
*837 Joseph A. Wanick, City Atty., for petitioner.
Robert D. Zahner, Miami, for respondent.
DREW, Justice.
The conflict in this case arises from the following portion of the final decree of the trial court affirmed by a per curiam decision without opinion of the District Court of Appeal, viz. "that the Defendant, City of Miami Beach, is hereby directed to rezone the subject property, to-wit: Lots 21 and 22, Block 39, MIAMI VIEW SECTION, ISLE OF NORMANDY, PART I, from `RD' (single-family) to `RE' (multiple-family)." This portion of the final decree and the judgment of affirmance directly collides with the decisions of this Court holding that the ultimate classification of lands under zoning ordinances involves the exercise of the legislative power, preventing the courts under the doctrine of separation of powers from the invasion of this field. City of Miami Beach v. Elsalto Real Estate, Inc., Fla. 1953, 63 So.2d 495; City of Miami Beach v. Lachman, Fla. 1954, 71 So.2d 148; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442. See also footnote #1 in City of St. Petersburg v. Aikin, Fla. 1968, 217 So.2d 315, opinion filed October 30, 1968. There is also conflict between the subject decision and the decision of the Second District in City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449, 454. While not in conflict in a constitutional sense, the subject decision is also inconsistent with the holding of the same District Court in Schoenith v. City of South Miami, Fla. 1960, 121 So.2d 810.
In Burritt v. Harris, Fla. 1965, 172 So.2d 820, this Court upheld a trial court judgment enjoining the defendant municipality from the enforcement of any zoning regulation more restrictive than "Industrial A" against the property of the complaining landowner in that case. On the surface it may appear that we are here dealing with inconsequential semantics but there is a real, valid and necessary distinction between a decree enjoining the enforcement of a classification more restrictive than that named in the decree and which is the subject of the judicial inquiry and one directing the legislative body of the municipality to take the affirmative action of zoning the lands to a designated classification. Zoning involves much more than mere classification. Among other things it *838 involves the consideration of future growth and development, adequacy of drainage and storm sewers, public streets, pedestrian walkways, density of population and many other factors which are peculiarly within the legislative competence.
No case has been cited to us and our research has developed none in which this Court has approved a decree containing the mandatory requirements of that under consideration here.
On the merits of the controversy, the record here conclusively establishes that the zoning of the lands under consideration is palpably arbitrary and unreasonable and has no reasonably debatable relation to the public health, safety or general welfare, and that it should be rezoned for a use consistent with surrounding areas and circumstances. We observe that the chancellor has properly retained jurisdiction for the purpose of carrying out the further order of the Court. On remand, the chancellor may require the prompt consideration of this property for rezoning and require the defendant City to file in the cause within such time as he shall designate a report showing sufficient compliance with his decree.
The questioned decision of the District Court is quashed with directions to remand the cause to the chancellor for further consideration in the light of the views expressed herein.
It is so ordered.
ROBERTS, Acting C.J., CALDWELL (retired) and ADAMS (retired), JJ., concur.
THORNAL, J., dissents with Opinion.
THORNAL, Justice (dissenting).
I dissent as to jurisdiction. I do not disagree with the rule of law announced by the opinion.