MANN, Judge.
North of the City of Tampa, Armenia Avenue is a two-lane street which, running northward into the vicinity of Lake Magdalene, makes a right-angle turn westward. To the east lie a Tampa Electric Company substation, a convenience store and a strip of vacant property zoned for neighborhood commercial use, and to the east of these is an elementary school. Contrary to the recommendation of the Hillsborough County Planning and Zoning Board, the Board of County Commissioners rezoned a sizeable tract north of Armenia where it runs east and west for the erection of a large shopping center. Prestige Homes, Inc., owns the strip of land on the west side of Armenia just south of the jog in the road. On its western boundary, this strip abuts single family residences and is zoned, but cannot readily be sold, for single family occupancy.
Prestige Homes petitioned the Board of County Commissioners for a rezoning to C-l, and the Planning and Zoning Commission, noting that the County Commissioners had departed from the plan of overall development and allowed a large shopping center in, approved the proposed change. The Board of County Commissioners denied it and this action ensued.
The trial judge held that R-l is no longer a fairly debatable classification under the circumstances, and this finding is not seriously challenged. The court proceeded to rezone the property R-3, a classification which nobody sought but which we cannot determine on this record to be unreasonable.
The formulation of a mandate in these cases is more difficult than the resolution of the issue of the zoning ordinance’s validity. We can understand the confusion. Burritt v. Harris, Fla.1965, 172 So.2d 820, might have persuaded the able trial judge that the rezoning by decree was permissible, despite the well-reasoned opinion of Judge Allen in City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449. City of Miami Beach v. Weiss, Fla.1969, 217 So.2d 836, decided after the circuit court’s decree in this case, rehabilitates Morningstar as a precedent. There Mr. Justice Drew said:
“ * * * Zoning involves much more than mere classification. Among other things it involves the consideration of future growth and development, adequacy of drainage and storm sewers, public streets, pedestrian walkways, density of population and many other factors which are peculiarly within the legislative competence.”
Thus redeemed, Morningstar furnishes our mandate: “ * * * the court should direct the zoning authorities to rezone the particular property for a use less restrictive than the uses permitted under the present zoning acts.”
The findings of fact are affirmed, except insofar as they relate to the proper zoning classification. The final judgment is thus affirmed in part and reversed in part for further proceedings not inconsistent with this opinion.
PIERCE, Acting C. J., and McNULTY, J., concur.