OWEN, Judge.
The City of Cape Canaveral, defendant below, appeals from a final judgment whereby it was ordered to issue to appellees a building permit for the construction of certain gasoline pumps and underground storage tanks.
In 1964 appellant enacted a comprehensive zoning ordinance (No. 81-64). Uses permitted within the use district in question included service stations located 2,000 feet apart by the shortest driving route. In 1965 appellant enacted an ordinance (No. 81-64H) amending this particular use so as to permit not only service stations which were 2,000 feet apart by the shortest driving route, but also service stations without regard to spacing limitations when the same were constructed as a bona fide part of a hotel complex of not less than 200 guest rooms.
Appellees were lessees of real property within this use district upon which property they operated an automatic car wash. They applied to the city for a permit to install gasoline pumps and underground storage tanks to permit dispensing gasoline to automobiles using the automatic car washing facilities. The application was denied on the grounds that the facility to be built would be a service station at a location within the 2,000 foot limitation of an existing service station facility. Appellees then brought this suit for declaratory judgment and other relief, asking that the zoning ordinance be construed as not prohibiting installation of the gasoline pumps and underground storage tanks, or alternatively, that it be declared unconstitutional.
The final judgment from which this appeal is taken contained a finding of fact by the court that the gasoline pumps and underground storage which appellees had sought permission to install upon the *504 leased premises was not the construction or operation of a service station as the term “service station” was defined in the zoning ordinance. Neither the appellees’ application for a permit, nor such evidence as was submitted pertaining to it, has been included in the record and hence we have no basis to review this factual finding.[1] Since as a factual matter that which appellees sought to install was not a service station as defined in the ordinance, the spacing restrictions on service stations would have no applicability and hence was not a valid bxas-is for the City’s refusal to issue the permit. Therefore, the decretal portion of the judgment ordering the City to issue the building permit is affirmed.
The judgment also contained a conclusion by the court that the entire subsection of the zoning ordinance pertaining to spacing of service stations was void as being unconstitutional. This conclusion was reached by a determination that ordinance No. 81-64H was unconstitutional by virtue of the preferential treatment given to owners of a certain size hotel complex within the use district, and that since the court could not sever the objectionable part and leave remaining a valid general spacing restriction on service stations, within the surgical guidelines established by Cramp v. Board of Public Instruction of Orange County, Florida, Fla.1962, 137 So.2d 828, the entire provision pertaining to spacing limitations must fall.
The constitutionality of the ordinance should not have been decided by the trial court. Only persons who can demonstrate that they are or will be affected by a legislative act have proper standing to raise the question of the constitutionality of such legislation.[2] In the instant case, the appellees initially had such apparent standing on the basis of their pleading. Nonetheless, when the trial court made a factual finding that the installation for which appellees had applied did not come within the definition of a service station as the same was defined in the zoning ordinance, it then became established that ap-pellees did not, in fact, have sufficient legal standing to question the constitutionality of that portion of the zoning ordinance restricting the spacing of service stations. Any conclusion expressed by the court as to the constitutionality of the ordinance was therefore gratuitous and should not have been rendered.[3]
Appellant’s sole point on appeal is directed to the question of whether the court correctly declared that the spacing limitation on service stations was unconstitutional. We do not decide this point since the constitutionality of the ordinance was not a question properly before the trial court. In order to avoid confusion as to the effect such judgment might have as precedent, we exercise our authority under Section 59.34, F.S.1967, F.S.A., to vacate that portion of the judgment which concludes that a portion of the appellant’s zoning ordinance is unconstitutional. The determination of the constitutionality of the zoning ordinance or any of its subsections must await the time that such an issue is raised by a party having the standing to do so and á decision upon the constitutionality thereof becomes necessary to dispose of the case.[4] As thus modified, the judgment is affirmed.
Modified, and affirmed.
CROSS, C. J., and WALDEN, J., concur.

. Croft v. Young, Fla.App.1966, 188 So.2d 859.

. Acme Moving & Storage Co. of Jacksonville v. Mason, Fla.1964, 167 So.2d 555; 6 Fla.Jur., Const.Law, § 60.

. Snedeker v. Vernmar, Ltd., Fla.1968, 151 So.2d 439.

. See Henderson v. Antonacci, Fla.1952. 62 So.2d 5.