233 So.2d 390 (1970)
MAYFLOWER PROPERTY, INC., a New Jersey Corporation Authorized to Do Business in the State of Florida, Petitioner,
v.
Welcom WATSON et al., Intervenors, and
City of Fort Lauderdale, a Municipal Corporation of Florida, Respondents.
No. 38866.
Supreme Court of Florida.
March 25, 1970.
*391 Martin F. Avery, Jr., of Berryhill, Avery & Schwenke, Fort Lauderdale, for petitioner.
Donald H. Norman, of Ross, Norman & Cory, Fort Lauderdale, for Welcom Watson, and others.
Ronald B. Sladon, Dean Andrews and Elwood M. Obrig, Fort Lauderdale, for City of Fort Lauderdale, respondents.
THORNAL, Justice.
Detecting what we suspected to be a conflict between the decision of the Court of Appeal, Fourth District, in the instant case, Watson v. Mayflower Property, Inc., 223 So.2d 368 (4th Dist.Ct.App.Fla. 1969), and a prior decision of the Court of Appeal, Second District, in the same controversy, Watson v. Mayflower Property, Inc., 177 So.2d 355 (2d Dist.Ct.App.Fla. 1965), cert. denied, 183 So.2d 215 (1965), we granted oral argument. Fla. Const. art. V, § 4(2), F.S.A. We have now also considered the record and briefs.
After a thorough consideration of the issues involved and the authorities, we have concluded that the writ was improvidently issued and should be discharged.
Mayflower Property, Inc., owns property in Fort Lauderdale which the City zoned as R-1-A, single family residential use, in 1960. It was contended in the trial court and throughout the initial appellate process that this R-1-A classification was discriminatory, having no substantial relation to the public health, safety, or general welfare of the community. The chancellor agreed with petitioner and found the City's R-1-A zoning to be invalid as it applied to Mayflower's property and enjoined enforcement of that zoning. On appeal, the Court of Appeal, Second District, affirmed the lower court's ruling and incorporated the chancellor's order in its opinion. In his order, the chancellor had determined, "The highest and best use for the property is for hotels and apartments." Watson v. *392 Mayflower Property, Inc., 177 So.2d at 361. Only the City of Fort Lauderdale's R-4 zoning allows hotels and apartments.
After this Court denied a petition for certiorari, Mayflower Property, Inc. applied to the City of Fort Lauderdale for R-4 zoning. After hearing a considerable amount of additional evidence, the City rezoned the property as R-3-A instead of R-4. Petitioner, being dissatisfied with the R-3-A classification, filed a "Motion for Summary Post-Decretal Relief" in the circuit court. The chancellor held that the R-3-A zoning ordinance was, in fact, as invalid as the R-1-A zoning had been and, furthermore, in his view the R-3-A zoning did not carry out the mandate of the Court of Appeal, Second District.
This decree was appealed to the Court of Appeal, Fourth District, which had been created in the meantime. That Court reversed the chancellor by finding the subsequent showing before the City Planning and Zoning Board sustained the R-3-A classification. In its view the municipal zoning ordinance was, at least, "fairly debatable" and was, therefore, not subject to judicial interference. It is this decision which we now have for review.
Although the Court of Appeal, Second District, had held that the highest and best use of the property would be for hotels and apartments, this finding does not necessarily mandate a municipal zoning ordinance which would permit such use. Friedland v. City of Hollywood, 130 So.2d 306 (2d Dist.Ct.App.Fla. 1961); and, City of Miami v. Zorovich, 195 So.2d 31 (3d Dist.Ct.App.Fla. 1967), cert. denied, 201 So.2d 554 (1967). See also City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968). In municipal zoning there are many times considerations other than the potential use of the property which enter into the ultimate classification. City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953); and, City of Miami Beach v. Wiesen, 86 So.2d 442 (Fla. 1956). Such elements as increased traffic congestion with attendant hazards to safety as well as the general nature of the neighborhood and its adaptability to a different zoning category are often considered to be persuasive. City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969).
When the instant case was remanded to the City, the governing authorities conducted hearings and examined new evidence regarding the rezoning of the property involved. Before reaching its decision the City Planning and Zoning Board considered such factors as the use to which, in and of itself, the property would be best adaptable and the impact of various zonings on the immediately surrounding area. In light of discovering changed conditions in the community by examining new evidence, the Board was not bound to classify petitioner's property into an out-of-date zoning ordinance. Tampa Electric Co. v. Crosby, 168 So.2d 70 (Fla. 1964); and, Steele v. Pendarvis Chevrolet, Inc., 220 So.2d 372, 376 (Fla. 1969). There is no showing of any abuse of municipal power in the ultimate decision to zone the property R-3-A. Certainly, it can not be effectively contended that such a classification is not "fairly debatable". This is the rule which guides the courts in their examination of the validity of municipal zoning regulations. City of Miami Beach v. Weiss, supra; City of Miami Beach v. Lachman, supra; and, Friedland v. City of Hollywood, supra. We are compelled to conclude that the chancellor stepped beyond his bounds when he mandated Mayflower's property be judicially rezoned R-4.
Finding as we do that there is no jurisdictional conflict, the decision of the Court of Appeal, Fourth District, will not be disturbed and the writ, heretofore issued, herein is discharged.
It is so ordered.
ERVIN, C.J., and ROBERTS, CARLTON and BOYD, JJ., concur.