PER CURIAM.
Upon due consideration we are of the opinion that the trial court erred in directing the rezoning of plaintiff’s property from the classification of P-1 to a classification of B-l.[1] Cf. Orange County v Butler Estates Corporation, Fla.App.4th 1974, 303 So.2d 66.
A review of the record reflects that the plaintiff failed to carry the burden of clearly demonstrating that the existing P-1 classification was not fairly debatable. Rural New Town, Inc. v. Palm Beach County, Fla.App.4th 1975, 315 So.2d 478; see City of St. Petersburg v. Aikin, Fla. 1968, 217 So.2d 315; City of Miami Beach v. Weiss, Fla.1969, 217 So.2d 836; Mayflower Property, Inc. v. Watson, Fla.1970, 233 So.2d 390; Burritt v. Harris, Fla.1965, 172 So.2d 820; see also Davis v. Sails, Fla.App. 1st 1975, 318 So.2d 214.
Accordingly, the final judgment is vacated and set aside and the cause remanded for further proceedings not inconsistent herewith.
Reversed.
MAGER and DOWNEY, JJ., and BAS-KIN, NATALIE, Associate Judge, concur.

. The fact that it. might appear that the highest and best use of the property in question would be B-l commercial classification for the purpose of constructing a bank does not mandate a rezoning to that classification. Hay flower Property, Inc. v. Watson, Fla. 1970, 233 So.2d 390.