343 So.2d 83 (1977)
COUNTY OF PASCO, a Political Subdivision of the State of Florida, Appellant,
v.
J. DICO, INC., et al., Appellees.
No. 76-1429.
District Court of Appeal of Florida, Second District.
March 4, 1977.
Rehearing Denied March 31, 1977.
David W. Rynders, County Atty., Port Richey, for appellant.
Jack B. McPherson and Norman Johnson Stewart, Jr. of Allgood, McPherson, Stewart & Bray, New Port Richey, for appellees.
GRIMES, Judge.
Appellant enacted a zoning ordinance pursuant to Chapter 163, Florida Statutes (1975), and adopted zoning maps for property within Pasco County. Appellees own acreage located in Pasco County which was zoned by the ordinance and maps as agricultural/residential.
Appellees filed a multi-count third amended complaint through which they sought to have the zoning ordinance declared void and to have Pasco County enjoined from enforcing it against their property. This is an interlocutory appeal from an order denying a motion to dismiss (strike) count III.
The third count initially realleged the allegations of the first two counts.[1] The appellees then alleged that the zoning was unconstitutional because the zoning maps adopted by the planning commission *84 portrayed certain property differently than had been decided by the planning commission at an earlier date. Appellees based this allegation upon the fact that a 1200 acre parcel of land, not owned by appellees, had had its "zoning altered" in this manner.[2]
Appellant contends that the court erred in denying the motion to dismiss because appellees could not contest the constitutional validity of the zoning ordinance on the ground that other property which was not owned by them was improperly zoned. We agree.
The appellees are simply saying that since a mistake was made in the zoning classification of someone else's land, their property was probably zoned wrong too. This is not enough to stay in court.
The adoption of a zoning ordinance and zoning maps is a legislative act. City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969). The constitutionality of a legislative act may be challenged only by one whose rights are, or will be, adversely affected by it. Acme Moving & Storage Co. of Jacksonville v. Mason, 167 So.2d 555 (Fla. 1964); Lykes Bros., Inc. v. Board of Com'rs. of Everglades Dr. Dist., 41 So.2d 898 (Fla. 1949); City of Cape Canaveral v. Chesnick, 227 So.2d 502 (Fla. 4th DCA 1969); Hodges v. Buckeye Cellulose Corporation, 174 So.2d 565 (Fla. 1st DCA 1965). We do not believe that the allegations of the third count are sufficient to show the necessary interest required to attack the zoning.
The order denying the motion to dismiss count III is reversed.
BOARDMAN, C.J., and SCHEB, J., concur.
NOTES
[1] The first count alleged that the ordinance was enacted prior to the adoption of a comprehensive plan in violation of Chapter 163. The second count alleged that Pasco County violated certain procedural requirements of the authorizing statute.
[2] Count III of the Amended Complaint said in part:

"That before the preparation of the Final Report by the Northeast Pasco Planning Commission, the members thereof had reached a decision on the Zoning classifications for the various real properties, including the Plaintiffs' real property, which are located within the Northeast area of Pasco County. That said Zoning Classifications were then ordered by said planning commission to be drawn on the Zoning Maps so that said maps would portray the zoning classifications of said properties. That between the date that said decision was reached by the planning commission and the date when said zoning maps were adopted by the planning commission or the date of February 17, 1976 when said zoning maps were adopted by the Defendant the Zoning Maps were altered or were prepared in a manner that portrayed certain property thereon of a different zoning classification than had been decided by the planning commission at an earlier date.
"That the Plaintiffs do not know and, therefore, cannot allege how the inconsistency occurred between the decision of the planning commission and the final adoption of the zoning maps; nor do the Plaintiffs know, at this time, if any alterations were made prior to the time of the adoption of said zoning maps, by the planning commission, or whether the alterations were made, thereafter, but prior to the final adoption of the zoning maps on February 17, 1976 by the Defendant. That the Plaintiffs do know and allege that there was at least one (1) such alteration which created an inconsistency between the decision of the planning commission and the final Zoning Maps; that this inconsistency involved a parcel of property of approximately 1200 acres, and the Defendant knew of said inconsistency prior to their final adoption of the Zoning Maps for the Northeast area of the County because they were expressly notified thereof by the Chairman of the said planning commission.
"That due to said inconsistencies the comprehensive plan and the County Zoning District Maps are unconstitutional, void and of no effect."