355 So.2d 813 (1978)
S.A. HEALY COMPANY, an Ohio Corporation, Appellant,
v.
TOWN OF HIGHLAND BEACH, Florida, et al., Appellees.
No. 76-1631.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
Rehearing Denied March 23, 1978.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellant.
Thomas Becker of Tylander, deClaire, Becker & VanKleech, Boca Raton, for appellees.
*814 BURNSTEIN, MIETTE K., Associate Judge.
This is an appeal from a Judgment upholding the single family zoning imposed on Appellant's property by the Town of Highland Beach, hereinafter referred to as Town.
Appellant's property is located within a subdivision called Byrd Beach, a luxury single family area of approximately twenty acres. The town is 2.75 miles long and situated between the ocean, the intracoastal waterway, Delray Beach to the north and Boca Raton to the south. Much of the town is committed to resort and multiple use and the Byrd Beach area has multiple zoning adjacent on the north and south.
Appellant poses several propositions about the zoning field upon which we feel comment is appropriate:
1. Appellant pursues the philosophy that the town has already been irretrievably committed to total multi-family use. The town and the trial court contend that the headlong plunge toward wall-to-wall concrete should and can be contained. We agree. Unbridled growth is not a justification for its own continuance.
The Florida courts have consistently upheld the police power of a municipality to adopt zoning regulations which preserve the residential character of a neighborhood, City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3rd D.C.A. 1967); City of Miami Beach v. Wiesen, 86 So.2d 442 (Fla. 1956). Protecting single family developments is a legitimate objective of zoning, County of Brevard v. Woodham, 223 So.2d 344 (Fla. 4th D.C.A. 1969).
2. Appellant contends that the highest and best use for the property is multi-family and in support thereof asserts that the value of such classification is $1,619,000 as compared to $845,000 under single family.
It is not necessary to the constitutional validity of a zoning ordinance that it permit the highest and best use of a particular property. County of Brevard v. Woodham, supra, Mayflower Property, Inc. v. Watson, 233 So.2d 390 (Fla. 1970), Cooper City v. Burgess, 340 So.2d 929 (Fla. 4th D.C.A. 1977). A zoning ordinance is only confiscatory if it deprives an owner of the beneficial use of his property by precluding all uses to which the property might be put. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941), Moviematic Industries Corp. v. Dade County, 349 So.2d 667 (Fla. 3rd D.C.A. 1977). It is not invalid merely because it prevents use which is economically most advantageous. City of Miami v. Zorovich, supra, Metropolitan Dade County v. Greenlee, 224 So.2d 781 (Fla. 3rd D.C.A. 1969).
3. Appellant argues there is no rational basis for continuance of single family zoning based on the present overburdened road, sewer and water facilities, since they would eventually have to be upgraded at some unspecified future date to meet its present committed construction pressure.
The broad use of the police power to restrict the use of land is authorized:
"The police power is not confined to elimination of filth, stench and unhealthy places. It is ample to lay out zones where family values, youth values and the blessings of quiet seclusion and clean air make the area a sanctuary for people."[1]
The limits of police power regulations have been recognized in numerous decisions by Florida Courts:
"In order to render a zoning ordinance invalid, it must affirmatively appear that the restriction is clearly arbitrary and unreasonable and without substantial relation to the public safety, health, morals or general welfare."

*815 Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406, 410 (1940). See also Burritt v. Harris, 172 So.2d 820 (Fla. 1965); City of Miami Beach v. 8701 Collins Ave., Inc., 77 So.2d 428 (Fla. 1954).
4. Finally, Appellant implies that a burden is placed upon the town to demonstrate real, material and substantial public need, and that the town has no inherent right to restrict the use of land through zoning.
This misconception should have been laid to rest by City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968).
Zoning is the exclusive function of the appropriate zoning authorities and not the Courts. City of Coral Gables v. Sakolsky, 215 So.2d 329 (Fla. 3rd D.C.A. 1968), City of Miami Beach v. Hogan, 63 So.2d 493 (Fla. 1953), City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969).
The Courts are not empowered to act as super zoning boards substituting their judgment for that of the legislative and administrative bodies exercising legitimate objectives. Construction Industry Association of Sonoma County v. City of Petaluma, 522 F.2d 897 (9th Cir.1975) cert. denied 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 342 (1976).
One who assails zoning legislation has an extraordinary burden of proving that the municipal enactment is invalid. City of Miami Beach v. Wiesen, supra. Appellant has failed to meet his extraordinary burden that single family zoning is not fairly debatable.
Our State Legislature, in recognition of the need to strengthen the role of local government in the establishment and implementation of the comprehensive planning process adopted the Local Governmental Comprehensive Planning Act of 1975.[2]
In 1971 and in 1974 the town adopted Comprehensive Plans which evidenced an intention to restrict to single family characterization the certain areas among which is the Appellant's property. Both plans recognized the pressure of commercial development on the low density areas, but emphasized as a municipal policy the need to preserve and enhance its residential character.
We recognize the astounding growth of the state and the desire to perpetuate the beauty, tranquility and other environmental virtues which have made the southeast coast of Florida an internationally famous resort, and although not determinative to our decision, we view as significant toward ensuring these ends the town's adoption of a comprehensive zoning plan for the entire municipality.
DOWNEY and DAUKSCH, JJ., concur.
NOTES
[1] Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). Cf. Davis v. Sails, 318 So.2d 214 (Fla. 1st D.C.A. 1975) at page 216: "Typically zoning controversies revolve around a conflict between individual rights of ownership, traditionally deemed to be paramount in democratic societies, versus public interests in the property of an individual traditionally paramount in totalitarian societies."
[2] Chapter 75-257, Florida Statutes 1975.