PER CURIAM.
The state appeals a county court order ruling Chapter 25996, Laws of Florida 1949, as amended by Chapter 74-529, (the Act) unconstitutional and dismissing the charges against appellee Donald Roberts. We affirm.
Appellee was charged by information with unlawfully erecting or maintaining a flashing or animated sign, in violation of Whitfield Zoning Board Regulation 5.17(e)(a). He moved to dismiss the information on the ground, inter alia, that the regulation in question was unconstitutional. After hearing, the trial court granted this motion. This appeal followed timely.
The Act created the Whitfield Zoning District within a portion of Manatee County. The trial court predicated its ruling on a finding that the Act interfered with the jurisdictional duties of the County Commission of Manatee County, thereby violating Article III, Section 11(a) of the Florida Constitution, which provides: “There shall be no special law or general law of local application pertaining to: (1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies;

In upholding the special act which created the Pinellas County Planning Council against the assertion that it violated Article III, Section 11(a), our supreme court in Pinellas County Planning Council v. Smith, 360 So.2d 371 at 374 (Fla.1978), explained:
Only when the purpose of a special act is to usurp the rights or powers conferred by general law is the statute unconstitutional. In those cases where a special act has been held unconstitutional it has provided for the complete transfer of power from a state officer to a newly created or designated person or agency.
Both Chapter 25996 and the act giving the Board of County Commissioners of Manatee County specified zoning authority, Chapter 25999, Laws of Florida 1949, were enacted during the same term of the legislature. Each chapter delineated the territory it covered, and the grant of zoning power to the Manatee County Commissioners never included the Whitfield area. In addition, Section 17 of Chapter 25996 provides:
In the event zoning authority is given Board of County Commissioners by special or general legislation this Act and the authority of Whitfield Zoning District shall take priority in exercising zoning and land use jurisdiction in the territory included in said district and the power and jurisdiction of said district shall in no wise be restricted or limited thereby regardless of any conflict between the two Acts.
Chapter 63-1599, an act pertaining to zoning in Manatee County, by its own terms repealed Chapter 25999 and amendments thereto.
Section 4(b) of the 1963 Act provided: “Manatee County may exercise any of the powers granted under the provisions of this Act in the total unincorporated area within its boundaries except those powers granted to the Whitfield Zoning District.” (Emphasis added.)
Thus it cannot be said that chapter 25996 usurped rights or powers conferred by general law, since at the time of its enactment there existed no general law conferring zoning authority over the Whitfield area on the Manatee County Board of County Commissioners. Manatee County has never elected to exercise zoning authority under the subsequently enacted Chapter 163, and the amendment to section 125.01, which granted zoning authority to county commissioners in 1971, limited the grant to such powers as were not inconsistent with special laws. Unlike the situation in Brandon *1166 Planning & Zoning Authority v. Burns, 304 So.2d 121 (Fla.1974), in which the special act establishing the Brandon Planning & Zoning Authority was held unconstitutional because it removed the authority to zone the Brandon area from the Hillsborough County Commission, Manatee County has never had zoning authority over the area encompassed by the Whitfield Zoning District. Thus the special act creating the district did not affect the jurisdiction or duties of the Manatee County Commissioners and did not violate Article III, Section 11(a).
Following consideration of the original briefs filed and oral argument thereon, we requested the parties[1] to brief and orally argue the following question:
Does the legislature have the power to delegate its police power to zone real property to Whitfield Zoning District, a nonelected body, and if so, was this power appropriately exercised in enacting the special act creating the district?
Having reviewed the arguments made, the authorities cited to us, and other authorities revealed by our own research, we conclude that the legislature did not have the power to delegate the zoning power within the Whitfield Zoning District boundaries to the district. This is so because the power to zone is a legislative power, the delegation of which is prohibited by Article II, Section 3 of the Florida Constitution: “The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.” Our supreme court in State v. Atlantic Coast Line Railroad, 56 Fla. 617, 47 So. 969 (1908), interpreted similar language in the 1885 Constitution to mean that
[t]he Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose.
56 Fla. at 636-37, 47 So. at 976.
More recently in Askew v. Cross Key Waterways, 372 So.2d 913 (Fla.1979), the supreme court rejected an invitation to abandon the doctrine of nondelegation of legislative power when it struck down a law which empowered the Division of State Planning to designate areas of critical state concern. The court explained that, unlike the federal constitution and some other state constitutions, the second sentence of the separation of powers clause in the Florida Constitution represented a limitation of power.
Many Florida decisions examine the validity of legislative delegations of authority to administrative agencies. In the field of zoning, the disputes generally arise over whether a particular municipality has made a proper delegation of authority to its zoning board. These cases are instructive because the same restrictions which apply to the legislature’s delegation of legislative authority are applicable when municipalities seek to delegate the legislative authority granted to them under Article VIII, Section 2 of the Florida Constitution. City of Miami Beach v. Fleetwood Hotel, Inc., 261 So.2d 801 (Fla.1972). In Clarke v. Morgan, 327 So.2d 769 (Fla.1976), the supreme court discussed a number of cases in which the courts reached differing results depending on the extent to which the delegation of authority included meaningful standards to guide the agencies in their administration of the various city zoning ordinances. Significantly, in those cases which invalidated the ordinances, the authority sought to be delegated involved much less than the power to zone. In fact, we know of no instance *1167 in Florida other than the Whitfield Zoning District in which the absolute power to zone has been vested in an administrative body.
Zoning is unquestionably a legislative function. County of Pasco v. J. Dico, Inc., 343 So.2d 83 (Fla. 2d DCA 1977).
While it is clear that certain functions in the execution of zoning plans can and must be entrusted to administrative boards or officers, it is equally clear that the power to zone, as such, involves legislative functions which cannot be so delegated under constitutional principles of separation of governmental powers.
Annot., 58 A.L.R.2d 1083 at 1086 (1958). “It has frequently been held that the legislative body may not delegate to administrative officials the power to establish zones or zone boundaries, since the power is of the essence of the legislative function.” Id. at 1089.
The special act challenged here delegates this function in its entirety to an administrative body. Sections 6 and 8 of the Act, while they do establish guidelines of a sort, do not constitute the type of guidelines which sufficiently restrict the agency’s discretion. The sections simply outline the kind of zoning to be done and its general purpose. There is no direction whatsoever with respect to the actual drawing of boundaries. Under the Act, five persons appointed by the governor have carte blanche authority to impose land use restrictions throughout the district. The zones, as adopted, have the force of law, but they have not been enacted by a legislative body lawfully empowered to enact laws.
We therefore hold that the special act creating the Whitfield Zoning District, Chapter 25996, Laws of Florida 1949, as amended by Chapter 74-529, is an unauthorized delegation of legislative power, contrary to the provisions of Article II, Section 3 of the Florida Constitution, and is consequently unconstitutional. Accordingly, the trial court’s order so ruling and discharging appellee is AFFIRMED.
OTT, C. J., and BOARDMAN and GRIMES, JJ., concur.

. We also requested an amicus curiae brief from Whitfield Zoning District, which graciously complied.