517 So.2d 699 (1987)
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
William R. TINNERMAN, William G. Robinson and Rosacker Properties, Inc., Respondents.
No. 4-86-2381.
District Court of Appeal of Florida, Fourth District.
November 25, 1987.
Rehearing Denied January 25, 1988.
Thomas J. Baird, Asst. Co. Atty., West Palm Beach, for petitioner.
G. Steven Brannock, of F. Martin Perry & Associates, P.A., West Palm Beach, for respondents.
HERSEY, Chief Judge.
Palm Beach County seeks review by way of certiorari of an order reversing denial of respondents' application for rezoning and for special exception by the Board of County Commissioners sitting as the zoning authority. The order not only reversed the denial of the application, but it also directed the zoning authority to grant the application for rezoning and special exception.
Our consideration is limited to the questions of whether petitioner has been afforded procedural due process and whether the lower tribunal departed from the essential requirements of the law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982).
Procedural due process is not an issue in this case. Addressing the second aspect of our inquiry, we hold that there has been a departure from the essential requirements of the law in two respects.
As we said in Marell v. Hardy, 450 So.2d 1207, 1211 (Fla. 4th DCA 1984) (citations omitted):
Zoning resolutions are presumed valid and should not be disturbed by the courts unless they are arbitrarily and unreasonably applied to a particular piece of property. A clear showing of an abuse of discretion by the Commission is required. The test to be used in determining whether a zoning resolution is arbitrary and unreasonable as applied to a particular piece of property is whether the particular resolution is `fairly debatable' ... the trial court under the `fairly debatable' rule is limited to a determination of whether a legitimate controversy existed before the zoning body. If the court so determines, then the Commission's action must be upheld.
See also Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975).
It is abundantly clear that the appropriateness of the proposed zoning change and special exception was a fairly debatable proposition surrounded by reasonable and legitimate controversy. Under such circumstances the presumption of validity *700 which attaches to a zoning ordinance or decision by the zoning authority carries the day.
Further, classification of lands under zoning ordinances involves the exercise of legislative power. Thus, the doctrine of separation of powers prevents the courts from interfering with such exercise. Therefore, a court order which directs the zoning authority to zone a property in a particular manner violates the separation of powers doctrine. City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969). Our instruction to the contrary in Rural New Town is obviously of no efficacy in view of the supreme court's clear mandate in Weiss. As we said in Orange County v. Butler Estates, 303 So.2d 66, 67 (Fla. 4th DCA 1974), "to direct the appellant to rezone such property `in accordance with the (appellees') application' does, indeed, constitute an encroachment upon the exercise of the legislative power of the appellant."
The petition for writ of certiorari is therefore granted and the order under review is quashed.
DOWNEY and WALDEN, JJ., concur.