# PLYLER, etc., et al. v METROPOLITAN DADE COUNTY, FLORIDA, et al.

### Case No. 87-140-AP

Eleventh Judicial Circuit, Dade County

November 16, 1988

### APPEARANCES OF COUNSEL

**Alan S. Gold,** Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., for appellant.

**Robert A. Ginsburg,** Dade County Attorney and **Robert L. Krawcheck,** Assistant County Attorney, and **John G. Fletcher,** for appellees.

Before SALMON, DONNER, ESQUIROZ, JJ.

### OPINION OF THE COURT

SALMON, MICHAEL H., Judge.

The Appellant owns a parcel (The "Property") containing 22.5 acres

zoned EU-M (19.1 acres) and RU-1 (3.4 acres. They requested a district boundary change to RU-3M which would result in approval of a site plan containing 70 condominium units and 119 townhouse units. The County Commission denied the application; which means that the property may only be used by the Appellant for single family use. We affirm.

The property involved in this case is located slightly west of the Dadeland Shopping Center. The evidence shows that the property is bordered by a canal on the north and single family residences on all other sides in so far as development is concerned. Without reciting the details of the Comprehensive Development Master Plan for Dade County (the "Master Plan"), it is clear that the Master Plan envisions the use of the property for multiple family residences as long as no more than 25 units are built on each acre. The main thrust of Appellants' argument is that because the Master Plan designates the property for multiple family use, the County cannot restrict the use to single family use given the evidence which shows that the Appellants' plan for the property meets all requirements of the Master Plan and the matters that impact upon it. We reject that argument.

The property is in the midst of single family communities although these single family residences are, or will be, virtually surrounded by multiple family and commercial development. Nevertheless, the County Commission, based upon the substantial, competent evidence before it, could preserve the integrity of the property for single family residential use. *S. A. Healy Company v Town of Highland Beach,* 355 So.2d 813 (Fla. 4th DCA 1978).

We deem the cross appeal moot.

Affirmed.

ESQUIROZ and DONNER, concur.