Robert A. Ginsburg Dade County Attorney
QUESTION: May the Dade County Board of County Commissioners delegate its zoning authority to zoning appeals boards?
SUMMARY: The Dade County Board of County Commissioners may not delegate its legislative authority to zone property. The board, however, may delegate powers to enforce zoning laws to zoning appeals boards if the instrument conveying such authority provides meaningful standards and guidelines for the boards to follow in exercising such powers.
You state that Dade County proposes to establish several zoning appeals boards to hear and decide requests for district boundary changes, as well as, all requests for variances and special exceptions. The materials which you have provided with your request show that a single zoning appeal board is in existence, but will be replaced with several boards.
Zoning is a legislative power which may not be delegated to an administrative board or body.[1] The execution of zoning plans, however, may be carried out by an administrative board or body, if the instrument conveying such power contains meaningful standards and guidelines for the board or body to follow in exercising its power.[2]
You cite to Part II, Ch. 163, F.S., as well as Dade County's Comprehensive Development Master Plan, as providing the necessary guidelines and standards to allow delegation of the county commission's zoning power to the proposed zoning appeals boards. As noted above, however, the "meaningful standards and guide-lines" must be contained in the instrument which conveys the powers to the administrative board or body. It does not appear that Part II, Ch. 163, F.S., or Dade County's master plan convey zoning enforcement powers to the proposed zoning appeals boards.
While land use planning and zoning are both exercises of the sovereign power of a governing body, they serve distinct and different purposes.[3] Land use planning as mandated under a local comprehensive plan is to control and direct the use and development of property within a municipality or county. Zoning is the means by which the comprehensive plan is implemented and involves the exercise of discretionary powers within the limits imposed by the comprehensive plan.[4]
In Machado v. Musgrove,[5] the court concluded that Part II, Ch. 163, F.S., and the local comprehensive plans which it mandates, are not zoning laws. Rather, they operate as limitations on a local government's otherwise broad zoning powers. This office has previously recognized that municipalities[6] may exercise home rule powers to enact zoning ordinances which are consistent with the provisions of Part II, Ch. 163, F.S.[7]
A comprehensive plan legislatively sets a zoning norm for each zone,[8] with the only allowed zoning changes being those to conform property to the plan. In the event proposed zoning changes are inconsistent with the comprehensive plan, then the proposed changes must be denied or the governing body must make a policy decision to alter the comprehensive plan legislatively to allow the otherwise nonconforming zoning change.[9]
The proposed ordinance creating six zoning appeals boards[10]
expresses their purpose as facilitating the zoning powers granted by the Home Rule Charter to the Board of County Commissioners, and to provide a board to hear, consider and review appeals from the zoning regulations or decisions of an administrative officials [sic], and to take appropriate action as in this article provided and limited.[11]
The boards are advised that the purpose of zoning and regulations is to implement a comprehensive plan to: lessen highway congestion; secure safety from fire, panic and other dangers; promote health, safety, morals, convenience and the general welfare; provide adequate light and air; prevent overcrowding of land and water; avoid undue concentration of population; and facilitate adequate provisions of transportation, water, sewerage, schools, parks and other public requirements, giving reasonable consideration to the character of the district and its suitability for particular uses, conserving the value of buildings and property, and encouraging the most appropriate use of land and water throughout the district.[12] Further, zoning appeals boards are authorized to hear and grant or deny applications to increase or decrease the minimum square footage requirements, provided the change is comparable to the requirements for the area or surrounding area.[13] They may hear and recommend to the board of county commissioners for approval or denial applications for changes in zoning regulations[14]
and hear and grant applications for use variances under specific conditions.[15]
In addition, it is proposed that the zoning appeals boards will have the authority to hear and grant or deny applications for district boundary changes on individual parcels of land or on a neighborhood or area-wide basis.[16] The selection of boundary lines for zoning districts, however, involves the exercise of the legislative powers of the governing body and has been identified as "a problem peculiarly within the power of the legislative body of a municipality."[17] It would appear, therefore, that the power to change zoning district boundary lines is a zoning power which may not be delegated.
Thus, while the authority of the county commission to establish or alter zoning district boundary lines is a legislative function which may not be delegated, the commission may delegate authority to enforce zoning laws to the extent the proposed ordinance provides meaningful guidelines or standards governing the exercise of such powers. Whether the guidelines are meaningful in a particular situation where the boards are exercising their powers, however, is a judicial determination which may not be made by this office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, State v. Roberts, 419 So.2d 1164, 1167 (2 D.C.A. Fla., 1982), citing County of Pasco v. J. Dico, Inc.,343 So.2d 83 (2 D.C.A. Fla., 1977) (power to zone involves legislative functions which cannot be delegated under constitutional principles of separation of powers).
[2] See, D'Alemberte v. Anderson, 349 So.2d 164, 169
(Fla. 1977). See also, Askew v. Cross Key Waterways,372 So.2d 913, 925 (Fla. 1978) (fundamental and primary policy decisions shall be made by members of the Legislature, while administration of legislative programs must be pursuant to minimal standards and guidelines ascertainable by reference to the act establishing the program).
[3] Machado v. Musgrove, 519 So.2d 629, 631 (3 D.C.A. Fla., 1987).
[4] 519 So.2d 629 at 632.
[5] See, footnote 4.
[6] Section 6(f), Art. VIII, State Const., confers upon Dade County all powers conferred by general law upon municipalities.
[7] See, AGO's 86-34 and 85-71.
[8] Section 163.3194(1)(a), F.S., providing that "[a]fter a comprehensive plan, or element or portion thereof, has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted."
[9] Machado at 634, citing City of Cape Canaveral v. Mosher, 467 So.2d 468, 471 (5 D.C.A. Fla., 1985), stating further that the use of a comprehensive plan as the zoning norm is the only way to (1) regulate and maintain land use by zones; (2) make individual zoning changes, which are essentially executive action, conform to a legislated plan; and (3) avoid arbitrary "spot zoning" change that permits the use of individual parcels to depart from a plan.
[10] Agenda Item No. 4(g), November 6, 1990, Dade County Board of County Commissioners.
[11] Section 2, Agenda Item No. 4(g), November 6, 1990, Dade County Board of County Commissioners, p. 2, amending s. 33-306, Code of Metropolitan Dade County.
[12] Id. at pp. 10-11, amending s. 33-311, Code of Metropolitan Dade County
[13] Id. at p. 11.
[14] Section 33-312, Code of Metropolitan Dade County, as amended by Agenda Item No. 4(g), Board of County Commissioners of Dade County, p. 16, expresses the intent that a zoning appeals board's decision concerning a requested regulation amendment shall be considered only a recommendation, which shall be transmitted with the board's record on the request to the board of county commissioners for final action.
[15] Section 33-311(e)(1), Code of Metropolitan Dade County, as amended by Agenda Item No. 4(g), November 6, 1990, Dade County Board of County Commissioners, p. 12.
[16] Section 33.311(j), Code of Metropolitan Dade County, amended by Agenda Item No. 4(g), Dade County Board of County Commissioners, p. 13.
[17] 7 Fla.Jur.2d Building, Zoning, and Land Controls, s. 121, p. 533.