PER CURIAM.
Appellant, City of South Miami (City), appeals a final judgment reversing a zoning designation in favor of appellee, Jean Rich Meenan (Meenan). We reverse.
Meenan owns property located within the City of South Miami. In its comprehensive land use plan, the City designated Meen-an’s property, which now contains a single-family home and a 15 unit apartment building, as low density residential. Meenan sought to have the designation in the master plan changed to commercial use.
City asserts that the trial court erred in holding that the City’s designation of Meenan’s property as residential was not fairly debatable. Meenan contends that, for some political Machiavellian reason, the City zoned the property for other than commercial use, and its actions in doing so are not fairly debatable.
Zoning is the function of the zoning authority and not the courts. Skaggs-Albertson’s v. ABC Liquors, Inc., 363 So.2d 1082 (Fla.1978). Courts are not empowered to substitute their judgment for that of legislative and administrative bodies in zoning matters. S.A Healy Company v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978).
In an appeal of a zoning decision, the scope of review is the fairly debatable test. Norwood-Norland Homeowners Association, Inc. v. Dade County, 511 So.2d 1009 (Fla. 3d DCA 1987), rev. denied 520 So.2d 585 (Fla.1988). In Norwood-Nor *229 land Homeowners Association, this court explained:
The “fairly debatable” test asks whether reasonable minds could differ as to the outcome of a hearing; if so, the court should sustain a county commission’s resolution.
511 So.2d at 1011.
After a careful review of the entire record, we find that the property in question is situated between residential and commercial areas. We further find that the evidence on the record demonstrates that the City’s zoning decision was fairly debatable. Accordingly we reverse the final judgment.
Reversed.