Mr. A. Quinn Jones, III City of Miami Attorney Dupont Plaza Center 300 Biscayne Boulevard Way, Suite 300 Miami, Florida 33131
Dear Mr. Jones:
You have asked for my opinion on substantially the following question:
Is a municipality authorized to delegate to an administrative board or entity its authority to rezone property within the municipality?
In sum:
Rezoning actions, which can be functionally viewed as policy application rather than policy setting, may be delegated by the city commission to an administrative board or authority.
According to your letter, the City Commission of the City of Miami has directed the City Attorney's Office and the City Administration to draft legislation that would create multiple zoning boards and delegate to such boards decisionmaking authority pertaining to certain rezoning actions.
The enactment of original zoning ordinances has always been considered a legislative power[1] that may not be delegated to an administrative board or body.[2] However, there is a distinction between the delegation of the power to legislate, which involves discretion regarding what the law shall be, and conferring the authority or discretion to execute the law. Executing the policy of a zoning ordinance is an administrative or quasi-judicial function that may be delegated to administrative officials or boards.[3]
Your question is prompted by recent appellate court decisions holding that action on specific rezoning applications of individual property owners was legislative action.[4] Thus, you are concerned that authority for the rezoning of property may not be delegable to administrative boards.
In resolving whether rezoning actions are legislative or quasijudicial, the Supreme Court of Florida has looked to the nature of the hearing involved. In Board of County Commissioners of Brevard County v. Snyder,[5] a 1993 case, the Court stated that:
It is the character of the hearing that determines whether or not board action is legislative or quasijudicial. Generally speaking, legislative action results in the formulation of a general rule of policy, whereas judicial action results in the application of a general rule of policy. (emphasis in the original)
In developing a test to distinguish judicial or quasi-judicial acts from those which are quasi-legislative or administrative, the Court quoted from a 1935 case:
A judicial or quasi-judicial act determines the rules of law applicable, and the rights affected by them, in relation to past transactions. On the other hand, a quasi-legislative or administrative order prescribes what the rule or requirement of administratively determined duty shall be with respect to transactions to be executed in the future, in order that same shall be considered lawful. But even so, quasi-legislative and quasi-executive orders, after they have already been entered, may have a quasi-judicial attribute if capable of being arrived at and provided by law to be declared by the administrative agency only after express statutory notice, hearing and consideration of evidence to be adduced as a basis for the making thereof.[6]
Applying this test, the Court stated that "it is evident that comprehensive rezonings affecting a large portion of the public are legislative in nature." However, the Florida Supreme Court adopted the lower court's determination that:
[R]ezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of . . . quasi-judicial action. . . .[7]
Thus, the Court has recognized a distinction between two types of rezoning actions: a large scale, comprehensive rezoning, which is legislative and may not be delegated, and a more limited rezoning action based on a presentation of the facts of a particular case, which is quasi-judicial in nature and may be delegated to an administrative board.
Therefore, it is my opinion that the City of Miami may delegate its authority in rezoning actions to an administrative board in those cases where the rezoning actions affect a limited number of persons or property owners, where the parties and interests are identifiable, and where a decision is contingent on a fact or facts arrived at from distinct alternatives presented. In sum, in those cases where a rezoning decision may be functionally seen as the application of policy rather than the setting of policy, authority for such decision-making may be delegated.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla. 1993); Gulf Eastern Develop-ment Corporation v. City of Fort Lauderdale, 354 So.2d 57 (Fla. 1978); County of Pasco v. J. Dico, Inc., 343 So.2d 83 (Fla. 2d DCA 1977).
[2] See, State v. Roberts, 419 So.2d 1164, 1167 (Fla. 2d DCA 1982), citing County of Pasco v. J. Dico, Inc., id. at note 1, (power to zone involves legislative functions which cannot be delegated under constitutional principles of separation of governmental powers).
[3] See, 8A McQuillan Municipal Corporations (3rd rev. ed. 1994) s. 25.215, pp. 166-167.
[4] See, City of Jacksonville Beach v. Grubbs, 461 So.2d 160
(Fla. 1st DCA 1984), review denied, 469 So.2d 749 (Fla. 1985); Palm Beach County v. Tinnerman, 517 So.2d 699 (Fla. 4th DCA 1987), review denied, 528 So.2d 1183 (Fla. 1988).
[5] 627 So.2d 469, 474 (Fla. 1993).
[6] Board of County Commissioners of Brevard v. Snyder, supra at n. 1, at p. 474, citing West Flagler Amusement Co. v. State Racing Commission, 165 So. 64, 65 (Fla. 1935).
[7] Snyder v. Board of County Commissioners of Brevard County,595 So.2d 65 at 78 (Fla. 5th DCA 1991).
[8] Cf., Op. Att'y Gen. 91-24 (1991), in which this office stated that the execution of zoning plans may be carried out by an administrative board or body if the instrument conveying such power contains meaningful standards and guidelines for the board or body to follow in exercising its power.