244 So.2d 766 (1971)
Chuck HALL, et al., Appellants,
v.
Howard J. KORTH, Appellee.
No. 70-608.
District Court of Appeal of Florida, Third District.
March 2, 1971.
*767 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Sibley, Giblin, Levenson & Ward, Miami Beach, Shalle Stephen Fine, Miami, for appellee.
Leonard Selkowitz, Miami, as amicus curiae.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
This appeal is by the Dade County Commission from a final judgment of the circuit court on appellee's petition for writ of certiorari. The final judgment quashed the action of the County Commission in denying appellee's application for zoning changes upon a parcel of land 73 acres in area which is located in Dade County, Florida. On this appeal the County urges that there was no substantial competent evidence before the circuit court that the County Commissioners' denial of the application for zoning change was improper.
The appellee applied to the appropriate authority of Dade County for changes in the zoning of his tract of land from basic agriculture to that which would permit a planned unit development thereon. The Metropolitan Dade County Planning Department recommended the approval of appellee's application. The Dade County Building and Zoning Department also approved the proposed plan of development. The application for approval of the plan was brought before the Zoning Appeals Board which also approved the plan. An appeal was taken to the appellant, Commission, by an objector and the appeal came on for hearing before the Commission where the Commission by a four-three vote reversed the Zoning Appeals Board and denied appellee's application. Appellee then filed a petition for writ of certiorari in the circuit court of Dade County. After a full review of the record of the evidence presented to the Dade County Commission and upon which the reversal of the action of the Zoning Appeals Board was based, the circuit court found:
* * * * * *
"6. The Court finds that the objections raised to the granting of plaintiff's application are, in fact, simply assertions of the objectors which are totally unsupported and, in fact, are contradicted by the record. An inspection of the record discloses no evidence or testimony other than bald assertion in behalf of the objectors to support their position or to contradict the record as reflected in the Court's findings above set out. The perimeter land in the proposed development would carry the exact zoning of the adjoining lands outside of the development. This clearly protects the adjoining property owners.

*768 "7. The question to be determined then is whether the county commission's denial of plaintiff's application based upon the record as adduced, is a departure from the essential requirements of the law. The Court is of the opinion that the county commission in exercising its discretion with respect to a zoning application is not free to act out of whim or caprice but to the contrary is required to exercise a sound discretion based upon the record as adduced before it. There is no question that this application came to the county commission bearing the approval and recommendations of the public agencies such as the Planning Board which are required to consider the application and pass thereon from a technical point of view. The application further received the approval of the Zoning Appeals Board in the first instance. The application is consistent with and in conformity with the requirements of the general land use Master Plan adopted by the county authorities to govern the pattern of development of Dade County. The specific objections raised to the approval of the plan are not supported by and, in fact, are contradicted by the record.
"8. The right to zone is an infringement upon the right of a property holder to use his property for any lawful purpose he wishes. The right to zone is justified and supported under the police power of the state to regulate the use of property for the betterment of the public health, safety and welfare as part of a comprehensive plan for the use and development of property within the zoning authority's jurisdiction. The zoning authority has laid down guide lines for the development of Dade County in the general land use Master Plan. It has further established technical agencies to pass upon the specific application of those guide lines to insure conformity with a comprehensive and overall plan. When property owners have developed plans for the lawful use of their property which are in conformity with the general standard adopted for the county and are in further conformity with the specific application thereof, they are entitled to have such property used and made available for use under those plans unless the record demonstrates that there is a valid objection to such use grounded in the public health, safety or welfare. To hold otherwise would be unwarranted and unlawful (not to say unconstitutional) deprivation of the owners' property rights."
Based upon these findings and others not necessary for discussion at this time the circuit court quashed the County Commission's decision and directed the Commission to grant the application of the appellee. This appeal is from that final judgment.
On this appeal the County presents three points.
"Point I. The mere fact the Planning Department, Zoning Department, and Zoning Appeals Board recommended the plan does not require the County Commission to approve the plan.
"Point II. Korth has not demonstrated by substantial competent evidence that the denial of his application is not fairly debatable.
"Point III. Evidiciary matters exhibited to the County Commission but not placed in the record of the County Commission are not admissible in a certiorari proceeding."
In considering point one we agree with the County that the recommendations of the Planning Department, Zoning Department and Zoning Appeals Board, were simply recommendations and that the County was not bound by their action. Nevertheless, the actions of these duly constituted administrative bodies of the County government in zoning matters were a part of the record before the County Commission, and they were entitled to consideration by that Commission and the circuit court. If the judgment of the circuit court had been predicated simply upon the action of the *769 Planning Department, and Zoning Appeals Board, then appellants' point one would have merit for reversal. We find however, that the finding of the circuit court that the action of the Commission was not supported by substantial competent evidence was based upon the entire record before the County Commission at the time of its denial of appellee's application. This record contains much more than recommendations of the administrative agencies. Therefore appellants' point one does not set forth a proper point for reversal.
Point two urges that the appellee did not demonstrate before the circuit judge that the denial of his application by the County Commission was not a legislative act within the fairly debatable rule as applied to zoning matters. Our review of the record convinces us that there is competent substantial evidence to support the trial judge's finding that the record before the County Commission shows that its action was capricious and without reasonable basis in the record before it. We think that the circuit court's judgment that the Commission's decision was not supported by the Commission's record has not been shown to be in error on this appeal. See City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148; Burritt v. Harris, Fla. App. 1964, 166 So.2d 168; 33 Fla.Jur. Zoning § 30 (1961).
Appellants' third point complains as to a part of the record before the County Commission which was considered by the circuit court but was not brought to this court. Specifically, appellant complains that the trial court considered a map, a tape and slides which were before the Commission and used by them but which were not formally introduced into evidence. This court does not have the benefit of the material to which appellant now objects. Appellants specifically instructed that the slides were not to be included in the record before this court. Under such circumstances we are unable to determine whether this ruling would be prejudicial error even if we determined that a procedural error was committed. We therefore find no reversible error under point three. See Hall v. Davis, Fla.App. 1958, 106 So.2d 599.
Having examined the record which was before the circuit court and upon which it based its findings and conclusions in the final judgment appealed, we hold that the judgment of the circuit court has not been shown to be in error.
Affirmed.