374 So.2d 1046 (1979)
DADE COUNTY, etc., and the Board of County Commissioners for Metropolitan Dade County, Florida, Petitioners,
v.
UNITED RESOURCES, INC., a Florida Corporation, et al., Respondents.
No. 79-212.
District Court of Appeal of Florida, Third District.
August 7, 1979.
Rehearing Denied September 24, 1979.
*1047 Stuart L. Simon, County Atty., and Stanley B. Price, Asst. County Atty., for petitioners.
Bailey & Dawes and Guy B. Bailey, Jr., Miami, for respondents.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Petitioners, respondents below, bring this petition for writ of certiorari to review a final judgment granting a rehearing and a writ of certiorari quashing a zoning resolution issued by petitioner Board of County Commissioners for Metropolitan Dade County (Commission). The resolution quashed denied a zoning application filed by respondents, petitioners below. We grant the petition.
*1048 Respondents filed a zoning application which requested several boundary changes. The subject property is located from N.W. 170th Street to N.W. 186th Street between N.W. 77th Avenue and N.W. 87th Avenue, and from N.W. 186th Street to N.W. 202nd Street between theoretical N.W. 77th Avenue and N.W. 87th Avenue. The property is 582.11 acres in size and the proposed development would consist of 5,907 dwelling units. A development of this magnitude is required by Chapter 380, Florida Statutes (1977) to be reviewed by the South Florida Regional Planning Council (SFRPC) unless specifically exempted by the local government agency based upon objective guidelines. On June 25, 1974, the Commission, pursuant to Resolution No. Z-162-74 determined that respondents had vested rights in regard to certain sections of this property in accordance with Section 380.06(12) Florida Statutes (1973), and was not subject to the statutory provisions relating to developments of regional impact (DRI). This resolution specifically stated that the exemption from DRI requirements did not predetermine the subsequent zoning issues. Resolution No. Z-162-74 was not appealed by respondents. The subject zoning application was submitted for review to the Dade County Developmental Impact Committee (DIC). The DIC is required to review all developments of county impact and developmental impact statements, and to inform the Commission whether and to what extent the proposed development will affect the Dade County Comprehensive Development Master Plan (Plan), essential public services, and other land use factors. As a minimum standard, the DIC must specify the basis for its conclusions. Following a detailed review of the subject application, the DIC submitted its report to the Commission. Among other things, this report stated as follows:
"There is a question as to whether the proposed parcel plan for Section 11-52-46, dated revised August 28, 1975, is in substantial compliance with the master plan of August 21, 1974, which was reviewed by the County Commission at the time the above resolution was adopted. Since the original conceptual master plan reviewed by the County Commission did not give details on acreages in parcel 3 and 11, nor did it contain statistical data which normally accompanies a parcel plan, it is difficult to determine whether the current plan is in substantial compliance with the master plan of August 21, 1974. Data concerning density and approvals for adjacent land development in Broward County was not submitted by the Applicant."
By this statement, a question was raised as to whether the application submitted by respondents conformed to the previous plans submitted by them.
Based upon the report, the Commission scheduled a public hearing for September 24, 1975. At this hearing, respondents requested a deferment to furnish additional information to satisfy the concerns of DIC expressed in its report. The hearing was deferred until December 9, 1975. Prior to the hearing, the DIC reported to the Commission that it had received no additional information about the apparent problems raised in its report. At the hearing on December 9, 1975, the Commission raised the question of what vested rights to develop did respondents have. The Commission's counsel stated that Resolution No. Z-162-74 granted vested rights to respondents as of the DRI procedure under Chapter 380, Florida Statutes, but that those vested rights were not intended to vest rights or predetermine issues pertaining to future applications for zoning or rezoning on this subject property. The Commission was further advised that it had a "clean slate" in regard to the question of zoning. Respondents argued that vested rights had accrued. At the conclusion of the hearing, the Commission denied the application with prejudice. See Zoning Resolution No. Z-321-75.
After this denial, respondents filed a petition for writ of certiorari. After a hearing on February 28, 1978, the circuit court, on September 13, 1978, entered a final judgment and order denying the petition for writ of certiorari which stated in pertinent part as follows:

*1049 "The denial of rezoning of Petitioners' property is a legislative matter and this Court must adhere to the time-honored legal concept that it will not interfere with the legislative determination absent a record showing that the County Commission had clearly departed from the essential requirements of law. This Court finds no such illustration by the Petitioner nor is there any showing in the formal record of any attempt by the Petitioners to rebut the substantial competent evidence to support the County Commission's denial of their zoning application. As such, this Court must apply the fairly debatable rule which governs the disposition of this matter. Dade County v. Inversiones Rafamar, S.A., 360 So.2d 1130 (Fla. 3d DCA 1978); Dade County v. Yumbo, S.A., 348 So.2d 392 [392] (Fla. 3d DCA 1977); Dade County v. Marca, S.A., 331 So.2d 142 [Marca v. Dade County, 332 So.2d 142] (Fla. 3d DCA 1976). The Court finds that the adoption of Zoning Resolution No. Z-321-75 bears a substantial relationship to the public health, safety, morals and welfare and is constitutionally valid. See, City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969).
"Petitioners opine that the doctrine of equitable estoppel controls the judicial determination of this cause. The Court must reject this argument in that the formal record belies the application of the doctrine... . A review of the history of this matter demonstrates that the doctrine does not apply in this cause...
"The Petitioners were informed systematically by Dade County at every level of review that there existed no guarantee as to the ultimate zoning on their property... .
"... Petitioners were never granted zoning on their property and were constantly apprised of their need to secure zoning approval from the Respondents. The doctrine of equitable estoppel cannot be supplied to the facts of this cause.
"The Petitioners have not demonstrated the necessary ingredients required to apply equitable estoppel against Respondents. To adopt Petitioners' argument would be to advocate that the December 9, 1975 hearing of the County Commission was a mere formality and that the Petitioners had no burden of proof at that time... ."
Upon petition for rehearing, the circuit court entered a final judgment granting rehearing, issuing a writ of certiorari, quashing the action of the Commission, and remanding with instructions. From this final judgment, etc., petitioners bring the instant petition for writ of certiorari seeking to quash the final judgment, etc., and to have the cause remanded with instructions that Zoning Resolution No. Z-321-75 be reinstated.
Among the contentions advanced by petitioners in support of their petition, we find the following to be persuasive. First, petitioners contend that the adoption of Zoning Resolution No. Z-321-75 was fairly debatable. Petitioners argue that the constitutional validity of a zoning resolution depends upon its relationship to the public health, safety, morals, and welfare. If the resolution has a substantial relationship to any of these objections, it may be constitutionally valid, i.e., within the police power of the legislative body. See, e.g., City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969); City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954); and Dade County v. Valdes, 366 So.2d 809 (Fla. 3d DCA 1979). Further, zoning resolutions like other municipal resolutions are presumed valid and should not be interfered with by the courts, unless they are arbitrarily and unreasonably applied to a particular piece of property. See, e.g., Eastside Properties, Inc. v. Dade County, 358 So.2d 873 (Fla. 3d DCA 1978; and Smith v. City of Miami Beach, 213 So.2d 281 (Fla. 3d DCA 1968). In making this determination, the courts should not ordinarily substitute their judgment for that of the legislative body. See Skagg's Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978). The test used in Florida is whether a particular resolution *1050 as applied to a particular piece of property is "fairly debatable," i.e., whether the question of the resolution meeting the constitutional test of serving the health, safety, morals, or general welfare of the public, is open to dispute or controversy on grounds that make sense and is fairly debatable; if so, the court should not substitute its judgment for that of the zoning authority (legislative body). See, e.g., Davis v. Situs, Inc., 275 So.2d 600 (Fla. 1st DCA 1973); and Dade County v. Yumbo, S.A., 348 So.2d 392 (Fla. 3d DCA 1977). The burden to show that a zoning resolution was not a fairly debatable issue before the legislative authority (Commission) is upon the party seeking relief from the resolution. See, e.g., City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968); and Marca v. Dade County, 332 So.2d 142 (Fla. 3d DCA 1976). Further still, even though there may be competent evidence against the reasonableness of a resolution, it is only necessary that the resolution be supported by competent substantial evidence to show that the matter is fairly debatable. See, e.g., Bessemer Properties, Inc. v. Miami Shores Village, 110 So.2d 87 (Fla. 3d DCA 1959). Also, in applying the fairly debatable rule, a zoning resolution is not invalid merely because it prevents owners from using their property in a manner which is economically most advantageous. See, e.g., Metropolitan Dade County v. Greenlee, 224 So.2d 781 (Fla. 3d DCA 1969); and City of Miami v. Zorovich, 195 So.2d 31 (Fla. 3d DCA 1967). It is not necessary to the constitutional validity of the zoning resolution that it permit the highest and best use of a particular piece of property. See, e.g., Cooper City v. Burgess, 340 So.2d 929 (Fla. 4th DCA 1977); and County of Brevard v. Woodham, 223 So.2d 344 (Fla. 4th DCA 1969). We note that the Commission in this case acted in accordance with the recommendations of its professional staff, i.e. the DIC. This recommendation was part of the record before the Commission and is probative, though not determinative, to support the application of the fairly debatable rule. See, e.g., Miles v. Dade County, 260 So.2d 553 (Fla. 3d DCA 1972); and Hall v. Korth, 244 So.2d 766 (Fla. 3d DCA 1971). In applying the principles set forth above to the instant cause, we are of the opinion that the fairly debatable rule was applicable and that the adoption of Zoning Resolution No. Z-321-75 was, as contended by petitioners herein, to be fairly debatable.
Throughout the proceedings below, respondents herein argued that the fairly debatable rule had no application in a vested rights proceedings, while petitioners argued that a vested rights argument could not be advanced in the posture of a certiorari proceeding wherein the applicants (respondents) for zoning had altered their plans from those in which it claimed vested rights. The parties agree that the doctrine of equitable estoppel may be applied against a governmental body, such as the Commission, when a property owner relying in good faith upon some act or omission of the body has made a substantial change in position or incurred extensive obligations and expenses. See, e.g., Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975). However, our review shows that the doctrine is inapplicable in this case. Respondents were clearly advised by petitioners that any vested rights which they may have had were subject to zoning or rezoning on the subject property. This was clearly set forth, among other ways, in Zoning Resolution No. Z-162-74, which exempted respondents from the provisions of Chapter 380, Florida Statutes, as follows:
"... provided, however, that any determination hereunder for purposes of determining vested or legal rights, pursuant to Section 380.06, Florida Statutes, shall not be deemed, nor is it intended, to vest rights or predetermine issues, pertaining to future applications for zoning or rezoning on the subject property."
As stated above, this Resolution was not appealed.
In furtherance of its conceptual development plan, respondents filed a zoning application for the subject property which was originally scheduled for September 24, 1975. As noted by the DIC and set forth above, this plan was different from the prior plans *1051 submitted. The September 24, 1975 hearing was postponed until December 9, 1975. During the period of the postponement, respondents submitted no additional information to the DIC. Further, respondents have not shown that they were given any guarantees, etc., as to the ultimate zoning of the subject property, but were continuously apprised of their need to secure zoning approval from the Commission.
In entering its final judgment, etc., the circuit court relied upon Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976), Commissioners of Metropolitan Dade County v. Lutz, 314 So.2d 815 (Fla. 3d DCA 1975), and Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975), in finding that the doctrine of equitable estoppel was applicable. We must respectfully disagree with this conclusion. In the cases cited by the circuit court, the property owner relied upon existing zoning and made substantial expenditures for development. In the instant case, respondents were never granted zoning on their property (which property was zoned GU) and were constantly apprised of their need to secure any zoning approval change from the Commission. Accordingly, based upon the facts of this case, we do not believe that the doctrine of equitable estoppel was applicable, but rather petitioner's legitimate exercise of its police power precluded its application. See, e.g., City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954); and Pasco County v. Tampa Development Corporation, 364 So.2d 850 (Fla. 2d DCA 1978). See also Miles v. Dade County Board of County Commissioners, 260 So.2d 553 (Fla. 3d DCA 1972).
In conclusion, it is our opinion that the circuit court departed from the essential requirements of the law by ignoring the viability of the fairly debatable rule and determining vested rights upon respondents' application for rezoning which did not comport to previous plans submitted for review. Based upon this determination, it is unnecessary to discuss the other points raised in petitioners' petition. Accordingly, the petition for writ of certiorari is granted, the final judgment, etc., under review is quashed, and the original final judgment and order denying petition for writ of certiorari entered by the circuit court is reinstated.
Petition granted.