450 So.2d 1207 (1984)
Sara Jane MARELL, Lawrence Abramson, and Palm Beach County Commissioners, Appellants,
v.
Signe HARDY, et al., Appellees.
No. 82-1756.
District Court of Appeal of Florida, Fourth District.
May 16, 1984.
Rehearing Denied June 14, 1984.
*1208 George H. Bailey of Jones & Foster, P.A., West Palm Beach, for appellants, Marell and Abramson.
Charles F. Schoech, West Palm Beach, for appellant, Palm Beach County Com'rs.
Tracy R. Sharpe of Farish, Farish & Romani, West Palm Beach, for appellees.
BERANEK, Judge.
Petitioners seek review of a circuit court order which granted respondents' petition for writ of certiorari and quashed certain *1209 portions of resolutions of the Palm Beach County Board of County Commissioners. An appeal has also been filed, but we treat this matter as a petition for certiorari, quash the order of the circuit court, and reinstate the Board resolutions in their entirety.
In 1969, petitioner, Stephen Abramson, the owner of undeveloped property (now owned by Abramson and others), filed an application with Palm Beach County seeking permission to develop a mobile home park site. Specifically, Abramson petitioned for the conditional use of an eighty-acre parcel of property for a mobile home park. At the public hearings before the Commission, Abramson indicated that he intended to develop a golf course on a portion of the property. Only one person from the public addressed Abramson's petition. He stated that he was not speaking against the petition but that he would like the 25 acres which Abramson had indicated that he intended to develop as a golf course to be zoned for that purpose. Abramson had no objection to that request. Indeed, the original petition on file included the golf course. As all the interested parties were in agreement, the Commission granted Abramson's petition upon the following motion:
That the petition as modified to include the golf course as a conditional use be granted and that a minimum of 25 acres is to be utilized for the golf course, that a maximum of 55 acres is to be utilized for a mobile home park.
Thereafter, Mr. Abramson constructed the mobile home park and golf course. He later constructed single family homes and condominiums on other surrounding property which he owned.
Approximately 12 years later, on April 9, 1981, Abramson and other property owners petitioned the Palm Beach County Planning Commission to rezone the golf course parcel from AG-Agricultural District to RS-Residential Single Family District. The petition further sought a special exception to permit the operation of a mobile home rental park on the parcel. The petition also sought modification of the conditional use agreed upon by Abramson and the County Commissioners in 1969. After considering a number of factors pertinent to the petition, the Planning Commission voted unanimously to grant it. Thereafter, the Board of County Commissioners considered the petition at three separate meetings before it concluded on a 4-1 vote that the application should be granted. The Board adopted two resolutions: Resolution No. R-81-1195 rezoned the parcel from AG-Agricultural District to RS-Residential Single Family District, and Resolution No. R-81-1196 granted a special exception to allow a mobile home rental park thereon and modified the 1969 conditional use.
On September 28, 1981, respondents (property owners in the area) filed a petition for writ of certiorari against the County Commission asserting that there was no relationship between the rezoning adopted by the Commission and the promotion of the public health, safety, morals, and general welfare of the community. The petition alleged that the determination to grant the property owners' petition was arbitrary, discriminatory, and unreasonable, was not fairly debatable, and constituted a gross abuse of discretion by the Commission. After preliminary proceedings, on February 24, 1982, the trial court remanded the case to the County Commissioners for the stated purpose of clarifying Resolution No. 81-1196 asking: "Did they intend by that Resolution to terminate the 1969 condition which petitioner claims required that in order to use the 55 acres as a mobile home rental park, the property north thereof be utilized as a golf course?" The County Commission met pursuant to the court's remand order and adopted Resolution No. R-82-550 which read:
Be it resolved by the Board of County Commissioners of Palm Beach County, Florida, that its Resolutions No. R-81-1195 and R-81-1196 be, and they hereby are, clarified pursuant to said Order of said court to make clear that it was the intent of the Board of County Commissioners to eliminate, completely, the requirement of the golf course, thus allowing *1210 the golf course area to be developed as a mobile home park.
On June 30, 1982, the trial court recommended proceedings in the matter. Respondents again argue that the 1969 resolution provided that the use of the existing mobile home park was conditioned upon the continued use of the parcel as a golf course. Respondents further claimed that petitioners did not present substantial competent evidence to show a change in the character of the community that would be conducive to allowing a mobile home park to justify the Commissioner's adoption of the resolutions. Petitioners argued that the County Commission had acted within its power and that the adoption of the resolutions was supported by substantial competent evidence as would make the matter at least "fairly debatable."
The trial court entered an order leaving intact Resolution No. 81-1195, but quashing those portions of Resolution No. 81-1196 and Resolution No. R-82-550 which purported to grant a special exception allowing a mobile home park. In its order, the trial court stated: "[T]he action of the County Commission is clothed with a presumption of correctness and should be set aside only on a showing that the action was not fairly debatable, or otherwise contrary to law." It then went on to rule in favor of respondents on a theory of administrative res judicata. Petitioners are now before us challenging this order.
The trial court enunciated two doctrines in its order, one being the "fairly debatable" rule and the other being the doctrine of res judicata. As the trial court was persuaded by the latter, we will address it first. Citing to Burger King Corporation v. Metropolitan Dade County, 349 So.2d 210 (Fla. 3d DCA 1977), and Metropolitan Dade County Board of County Commissioners v. Rockmatt Corporation, 231 So.2d 41 (Fla. 3d DCA 1970), the trial court correctly stated that the doctrine of administrative res judicata "is applicable to rulings or decisions of administrative bodies and to rulings of such bodies dealing with zoning regulations unless it can be shown that since the earlier ruling thereon, there has been a substantial change of circumstances relating to the subject matter of the ruling sufficient to prompt a different or contrary determination." The trial court found this doctrine applicable and then determined that the evidence was insufficient to show a substantial change of circumstance. The trial court erred in both respects.
Initially, we determine that the doctrine of administrative res judicata is inapplicable here. The seminal case of City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla. 1957), holds that the doctrine should be applied in zoning cases with great caution pointing to the requirements of identity of parties and of causes of action. Here, we have neither. The issue of whether the golf course parcel could be used as a mobile home park was actually litigated for the first time at the hearing on the petition for writ of certiorari before the circuit court. In 1969, Abramson himself wanted to use the parcel as a golf course and certainly no one opposed it. Thus, there was no prior action to which the doctrine could apply. Furthermore, since there was no prior action, there was no identity of parties. The case before us is easily distinguishable from Burger King, supra. In that case, a property owner went before the Dade County Commission three times in a short span of time in an attempt to obtain a use variance. Twice the Third District was called upon to rule on the propriety of the Commission's decision to deny the variance. It is clear that the requirements of the theory of administrative res judicata were present and that the court properly applied the doctrine in that case.
We further note that even if the doctrine were applicable in the case before us, we believe that sufficient evidence of a substantial change of circumstances was present to overcome the effect of administrative res judicata. The intervening 12-year period was one of great development and change in Palm Beach County. The Board, as the elected representatives of the *1211 county, was directly involved in this development and was presented with specifics during these proceedings regarding other new recreational development in the area and other new mobile home park development in the area. These were all matters which the Board of County Commissioners appropriately relied upon despite the conclusion of the circuit court to the contrary.
We now address the "fairly debatable" rule mentioned by the trial court. All zoning must meet the constitutional test of being within the police power, i.e., it must bear a substantial relationship to the public health, welfare, safety, and morals of the community. It is the function of the legislative body charged with responsibility for protecting and enhancing the health, welfare, and safety of the public to weigh the advantages and disadvantages of rezoning property. Jones v. First Virginia Mortgage and Real Estate Investment Trust, 399 So.2d 1068 (Fla. 2d DCA 1981). The courts are not super zoning boards substituting their judgment for that of the legislative and administrative bodies exercising legitimate objectives. S.A. Healy Company v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978). Zoning resolutions are presumed valid and should not be disturbed by the courts unless they are arbitrarily and unreasonably applied to a particular piece of property. Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979). A clear showing of an abuse of discretion by the Commission is required. Jones, supra.
The test to be used in determining whether a zoning resolution is arbitrary and unreasonable as applied to a particular piece of property is whether the particular resolution is "fairly debatable." The court's function is to determine whether the zoning resolution meets the constitutional test of being within the police power, i.e., serving the health, safety, morals, or general welfare of the public. If this question is open to dispute or controversy on grounds that make sense and are fairly debatable then the court should not substitute its judgment for that of the zoning authority (legislative body). See Dade County v. United Resources, Inc., supra, at 1049 and 1050. One can analogize the scope of review which the trial court has under the "fairly debatable" rule to our scope of review in divorce cases under the "reasonable man" theory enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In such cases, if reasonable men can differ as to the propriety of the action taken by the trial court, we cannot say that the trial court abused its discretion nor can we substitute our judgment for that of the trial court. By the same token, the trial court under the "fairly debatable" rule is limited to a determination of whether a legitimate controversy existed before the zoning body. If the court so determines, then the Commission's action must be upheld.
The burden is upon the party seeking relief from the resolution to show that the resolution was not a fairly debatable issue before the legislative authority, here, the County Commission. Even though there may be competent evidence and argument against the zoning change, the resolution need only be supported by competent substantial evidence to show that the matter was fairly debatable.[1]Dade County v. United Resources, Inc., supra. We hold that both sides presented competent evidence of the reasonableness of their positions to the Commission, thus making the issue fairly debatable. We therefore hold that the trial court departed from the essential requirements of law in quashing those portions of the resolutions granting a special exception to allow a mobile home park. We quash the order of the circuit court and remand this matter for reinstatement of the Board resolutions in their entirety.
*1212 CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
ANSTEAD, C.J., and COCALIS, PATRICIA W., Associate Judge, concur.
NOTES
[1] We note that under the theory of administrative res judicata, there had to be sufficient evidence of a substantial change of circumstances while under the "fairly debatable" rule, a petitioner need only show the existence of a legitimate, i.e., fairly debatable controversy.