509 So.2d 1295 (1987)
CITY OF POMPANO BEACH, Appellant,
v.
YARDARM RESTAURANT, INC., a Florida Corporation, and Sunrise Savings & Loan Association of Florida, a Florida Corporation, Appellees.
No. 85-2821.
District Court of Appeal of Florida, Fourth District.
July 15, 1987.
*1296 Donald C. Roberge, Pompano Beach, for appellant.
Stewart P. Chambers of Faircloth & Chambers, P.A., Fort Lauderdale, for appellee Yardarm Restaurant, Inc.
James E. Tribble of Blackwell, Walker, Fascell & Hoehl, Miami, for appellee Sunrise Sav. and Loan Ass'n.
HERSEY, Chief Judge.
Appellant, the City of Pompano Beach, in October 1973, enacted an ordinance granting appellee, Yardarm Restaurant, a special exception to the city's ten-story building height limitation. The proposed building was never constructed and appellee's building permit expired by operation of law in May of 1985.
In August of 1985 the city proposed the enactment of an ordinance repealing the special height exception. Shortly thereafter appellee commenced the process of obtaining a new building permit. Because of the pending zoning change the city refused to process the application. Appellee filed suit, resulting in an order permanently enjoining the city from enacting an ordinance revoking the special exception to height limitation.
*1297 Appellant makes a two-pronged attack on the injunctive order. First the city argues that, where no injury will occur until after an ordinance is passed, injunctive relief to prevent enactment of the ordinance is not appropriate. The third district has taken a somewhat contrary position, holding, in Paul's Drugs, Inc. v. Southern Bell Telephone & Telegraph Co., 175 So.2d 203 (Fla. 3d DCA 1965), that it is not necessary to show that irreparable harm has already been done but only that there is a reasonable probability that harm will occur unless the action is prevented. We agree with that position and find that the test is satisfied here by the showing that if the proposed ordinance is enacted, the project will no longer be economically feasible. Further, appellee is presently suffering harm because the city will not issue the building permit. A case from this court, Town of Palm Beach v. Palm Beach County, 332 So.2d 355 (Fla. 4th DCA 1976), relied on as standing for a different proposition, being concerned only with a temporary injunction, is inapposite.
The city's primary position is based upon the proposition that a court should not enjoin administrative action. The enactment of an ordinance by a municipality is an exercise by an agency of its legislative function. It is reasonably well established that, in the absence of fraud or a gross abuse of discretion, a court should not enjoin administrative action. Johnson v. McNeill, 151 Fla. 606, 10 So.2d 143 (1942); Hillsborough County Aviation Authority v. Taller & Cooper, Inc., 245 So.2d 100 (Fla. 2d DCA 1971). There is no suggestion of fraud on this record. The issue, then, is whether enjoining enactment of the repealing ordinance constitutes a gross abuse of discretion.
Whether enactment of a zoning ordinance is unreasonable or arbitrary depends upon the potential effect of the ordinance on the safety, health, morals, and general welfare of the community. Such factors are appropriately weighed and compared in the first instance by the legislative body governing the municipality, in this case the zoning authority of the City of Pompano Beach. See Stengel v. Crandon, 156 Fla. 592, 23 So.2d 835 (1945); Marell v. Hardy, 450 So.2d 1207 (Fla. 4th DCA 1984); Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979). Because the city has been enjoined from conducting hearings, the validity of the proposed ordinance in this regard has never been determined. Twelve years having elapsed since the special exception was granted, it is particularly necessary and appropriate that the zoning authority be given the opportunity to consider anew the effect that continuation of the special exception would have on the safety, health, and general welfare of the community as it is presently constituted. Preliminarily, then, we determine that the injunction was improvidently entered.
Based upon its hypothesis that without the special exception its project would no longer be viable, appellee relies on arguments grounded in estoppel and equitable estoppel to sustain the permanent injunction.
As to estoppel, neither the city's early obstructionist tactics nor its later refusal to process the renewed application for a building permit constitutes a sufficient basis for estopping the city from repealing the special exception to the height limitation. The former is insufficient because the complained-of activities took place in 1979 and before. Appellee failed to make any real effort to construct the building during the more than five-year period that followed cessation of that activity. Appellee further submits that the city in 1985 unlawfully refused to issue a new building permit. At that time there was a change in zoning in progress which would affect the permit. See Smith v. City of Clearwater, 383 So.2d 681 (Fla. 2d DCA 1980), rev. dismissed, 403 So.2d 407 (Fla. 1981). Under such circumstances a municipality may properly delay issuance of a building permit. Smith; City of Boynton Beach v. Carroll, 272 So.2d 171 (Fla. 4th DCA), cert. denied, 279 So.2d 871 (Fla. 1973).
Appellee's second basis for challenging repeal of the special exception, equitable *1298 estoppel, has no application on the facts of this case as they appear from the record on appeal. Equitable estoppel may be applied to limit the exercise of zoning power "when a property owner relying in good faith upon some act or omission of the [governmental] body has made a substantial change in position or incurred extensive obligations and expenses." United Resources, 374 So.2d at 1050. The mere existence of a present use right, however, is not a sufficient basis for application of equitable estoppel. City of Fort Pierce v. Davis, 400 So.2d 1242 (Fla. 4th DCA 1981). Appellee has not shown that extensive obligations have been incurred or otherwise demonstrated such a change in position as to justify the application of equitable estoppel in this case.
Accordingly, we reverse the order, vacate the injunction and remand for such further proceedings, if any, as may be appropriate.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.