JORGENSON, Judge.
Jacqueline Dozier appeals from a final declaratory judgment which upholds the constitutionality of City of Miami Ordinance 10246. We affirm.
In September of 1982, the City of Miami adopted Comprehensive Zoning Ordinance 9500 which permitted the use of private pleasure craft as living quarters along the Little River Canal only by special permit.[1] In March of 1987, the City enacted Ordinance 10246 which amended Ordinance 9500 to prohibit live-aboard vessels on the Canal and on residential sections of the Miami River.[2] Ordinance 9500 was repealed along with its amendments including Ordinance 10246, effective September 4, 1990, by the adoption of Ordinance 11000 which extended the live-aboard prohibition citywide, and contained no provision for obtaining a special exception or permit.
In March of 1985, Dozier purchased two residential lots adjacent to the Canal. She applied for and was granted a special permit for her live-aboard vessel. The local homeowners association appealed and the City Commission reversed the Zoning Board’s decision to grant the special permit. Dozier did not appeal that result and it is therefore final.
In December of 1986, Dozier moved her live-aboard vessel to the lots she had purchased and began using it as her living quarters. The City commenced Code Enforcement Board proceedings against Dozier and found her in violation of Ordinance 9500. The Board’s decision was affirmed on appeal to the Appellate Division of the Circuit Court; this court denied Dozier’s petition for writ of certiorari. Dozier v. City of Miami, 523 So.2d 1145 (Fla. 3d DCA 1988).
In June of 1987, Dozier, along with a number of other co-plaintiffs, filed a complaint for declaratory and injunctive relief contesting the City’s actions with respect to live-aboard vessels. Subsequently, the parties stipulated that the plaintiffs would dismiss all claims for damages and civil rights violations, and in return the City agreed not to enforce Ordinance 10246 pending resolution of its constitutionality.
After a non-jury trial, the trial court entered a Final Judgment Including Findings *169 Of Fact And Conclusions Of Law declaring that Ordinance 10246 was constitutional on its face and as applied to Dozier. Dozier appeals.
The trial court correctly ruled that Ordinance 10246 is constitutional on its face. Ordinance 10246 is a zoning regulation within the contemplation of section 327.60(2), Florida Statutes (1983). The standard for evaluating the constitutionality of legislative-type zoning ordinances is the “fairly debatable” test. Nance v. Town of Indialantic, 419 So.2d 1041 (Fla.1982). In Nance, the supreme court adopted the opinion of the fifth district in Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981), in which the district court held, “[t]he ‘fairly debatable’ rule is a rule of reasonableness; it answers the question of whether, upon the evidence presented to the municipal body, the municipality’s action is reasonably based.” 400 So.2d at 39. This court has explained the test for an ordinance as, “whether the question of the [ordinance] meeting the constitutional test of serving the health, safety, morals, or general welfare of the public, is open to dispute or controversy on grounds that make sense and is fairly debatable.... ” Dade County v. United Resources, Inc., 374 So.2d 1046, 1050 (Fla. 3d DCA 1979). “[Z]oning regulations like other municipal resolutions are presumed valid and should not be interfered with by the courts, unless they are arbitrarily and unreasonably applied to a particular piece of property. In making this determination, the courts should not ordinarily substitute their judgment for that of the legislative body.” United Resources, 374 So.2d at 1049 (citations omitted). The burden is upon the party seeking to challenge an ordinance enacted by a municipal body. Id. at 1050. “[I]t is only necessary that the [ordinance] be supported by competent substantial evidence to show that the matter is fairly debatable.” Id. Furthermore, “appellate courts will indulge in every reasonable presumption in favor of an ordinance’s constitutionality.” City of Pompano Beach v. Capalbo, 455 So.2d 468, 469 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 113 (Fla.), cert. denied, 474 U.S. 824, 106 S.Ct. 80, 88 L.Ed.2d 65 (1985).
On this record, Dozier did not carry her considerable burden of proving that Ordinance 10246 is not reasonably related to the health, safety, morals, or welfare of the general public, and is thus not fairly debatable. The City held at least seven public hearings where the subject of live-aboard vessels was debated prior to enacting Ordinance 10246. Testimony before the City Commission and the face of Ordinance 10246 itself show that it was enacted based on the following concerns: (1) prevention of potential hazards to navigation; (2) the hazard to public health caused by wastewater and other discharges from the live-aboard vessels; and (3) the visual obstacle and intrusion live-aboard vessels represent which interfere with the tranquility otherwise enjoyed by adjacent residential property. The trial court therefore correctly concluded that Ordinance 10246 was constitutional as it is fairly debatable whether it bore a substantial and rational relationship to serving the health, safety, and general welfare of the public.[3]
The trial court properly rejected Dozier’s alternative argument that Ordinance 10246 was unconstitutional as applied to her. Dozier contends that her equal protection rights were violated as her neighbor, Carolyn Gaynor, is permitted to maintain a live-aboard vessel on the Canal. However, as the trial court properly found, Gaynor successfully obtained legal nonconforming use status because she was granted a special permit for her live-aboard vessel by the Zoning Board before Ordinance 10246 was enacted. Unlike Dozier’s special permit, Gaynor’s special permit was never reversed on appeal to the City *170 Commission. Thus, Ordinance 10246 treated equally all live-aboards on the Canal who were similarly situated, and Dozier has suffered no equal protection violation. Either on its face or as applied to Dozier, Ordinance 10246 is constitutional.
Finding no merit in Dozier’s remaining arguments, we affirm the final judgment in all respects.
Affirmed.

. The Florida Legislature had specifically recognized the right of local governments to regulate or prohibit within their jurisdictions live-aboard vessels. Section 327.60(2), Florida Statutes (1983) provided:
Nothing contained in the provisions of this section shall be construed to prohibit local governmental authorities from the enactment or enforcement of regulations which prohibit or restrict the mooring or anchoring of floating structures or live-aboard vessels within their jurisdictions. However, local governmental authorities are prohibited from regulating the anchorage of non-Iive-aboard vessels engaged in the exercise of rights of navigation.

. The City Commission identified its reasons for the necessity of Ordinance 10246 in the text of the ordinance itself:
Sec. 15181 Intent
This district is of special and substantial public interest because of the relationship of the uses on the waterways known as the Little River Canal and Miami River to the vistas, environmental character and public health, safety and welfare of the adjacent property. The character and use of the waterways historically created a distinctive relationship to the adjacent property. It is in the best interests of the citizens living and working on adjacent upland properties that certain vessels be prohibited or restricted because a) the waterways are of unique character historically and environmentally and require control of these vessels as to navigability in preventing potential hazards to the surrounding areas and other vessels; b) a particular hazard is presented to public health and safety by reason of wastewa-ter, other discharges and other uses from these vessels into the Little River Canal and Miami River when used as residences and c) these vessels represent a visual obstacle on these waterways and a visual intrusion which interferes with the tranquility otherwise enjoyed by adjacent residential property.

. Dozier erroneously argues that our decision in Dennis v. City of Key West, 381 So.2d 312 (Fla. 3d DCA), rev. dismissed, 389 So.2d 1108 (Fla.1980) compels a reversal here. Dennis, however, is distinguishable. In Dennis, this court quashed a portion of a municipal ordinance which required live-aboard vessels to dock only at the Key West Yacht Club or Garrison Bight, the public dock. This court held in Dennis that there was no discernible relationship between this regulation and the health, welfare, or safety of the general populace. Ordinance 10246, however, was designed to prevent water pollution, navigational hazards, and visual intrusion, and clearly was a proper use of the City’s police power.