Mr. Larry Lesnett Secretary of the Board of Directors Sunshine State One-Call of Florida, Inc. 501 East Lemon Street Lakeland, Florida 33801
Dear Mr. Lesnett:
You ask substantially the following questions:
1. What criminal penalties exist for a violation of Chapter 556, Florida Statutes?
2. What procedures must be followed when a civil action is instituted against a violator of Chapter 556, Florida Statutes?
3. What enforcement procedures may be used to assure compliance with Chapter 556, Florida Statutes?
In sum:
1. Chapter 556, Florida Statutes, authorizes criminal prosecution for the knowing and willful removal or destruction of flags or markings of underground facilities.
2. Member operators may file civil suit seeking damages for the destruction of their underground facilities by excavators who do not follow the procedures prescribed in Chapter 556, Florida Statutes. Such a suit would be governed by the Florida Rules of Civil Procedure.
3. While there are criminal and civil penalties for violation of Chapter 556, Florida Statutes, the Legislature has not provided administrative remedies to enforce compliance with the act. It would appear, however, that Sunshine State One-Call, Inc., could seek an injunction to prevent an excavator from proceeding in violation of the act.
Chapter 556, Florida Statutes, the Underground Facility Damage Prevention and Safety Act (act), establishes a statewide one-call, toll-free notification system for persons to give notice of their intent to excavate to owners of underground facilities in the area to be excavated.[1] This allows the owners of underground facilities an opportunity to identify their facilities before excavation occurs in order to avoid damage, injury or service interruption caused by an excavator who may cause damage to the underground facilities by digging into them.[2]
The act creates a not-for-profit corporation made up of operators of underground facilities in Florida, which is charged with administering the act.[3] The cost of such administration is funded exclusively by contributions from the member operators.[4]
Member operators are persons who furnish or transport materials or services by means of an underground facility in Florida and who have elected to participate in the system.[5]
Section 556.105, Florida Statutes, sets forth the procedures that must be followed by those persons who wish to engage in excavation or demolition that may affect underground facilities. The statute requires "[n]ot less than 2 nor more than 5 business days before beginning any excavation or demolition," an excavator must call the statewide toll-free number during business hours and provide specific information regarding the proposed excavation.[6] Each notification through the system is recorded to document compliance with the act, and the person who provides notification is given the names of the member operators who will be advised of the notification.[7]
All member operators within the area of proposed excavation or demolition are to be promptly notified through the system. Those member operators whose facilities are in proximity to a proposed excavation or demolition must identify and mark their facilities within 48 hours (excluding days other than business days) after they have been notified.[8] An excavator must avoid excavation in the area until each member operator's underground facility has been marked, or the excavator is advised that no facilities are located in the proposed excavation area, or for 48 hours (excluding days other than business days) after the system has been notified.[9] No demolition may take place in an area until all member operator's underground facilities have been marked and located, or removed.[10]
Thus, the act describes the manner in which those who wish to excavate or demolish in the vicinity of underground facilities must utilize the one-call system in order to notify the member operators of potentially affected underground facilities and services.
Question One
Section 556.107(2), Florida Statutes, provides:
Any person who knowingly and willfully removes or otherwise destroys the stakes or other physical markings used to mark the horizontal route of an underground facility commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s.775.083.
While there may be other actions by excavators that constitute violations of the criminal laws of this state,[11] the knowing and willful removal or destruction of the markings of underground facilities is specifically made a criminal act by this statute. This is the only criminal penalty that is imposed by the act and no other action or failure to act within its provisions may result in criminal prosecution under this chapter. Where the Legislature has prescribed the manner in which a thing is to be done, such as the criminal prosecution of someone violating the provisions of Chapter 556, Florida Statutes, it is, in effect a prohibition against its being done in any other way.[12]
Accordingly, the only criminal prosecution the Legislature has authorized for a violation of Chapter 556, Florida Statutes, is for the knowing and willful removal or destruction of flags or markings of underground facilities.
Question Two
Section 556.107(1), Florida Statutes, states
Any excavator who knowingly and willfully violates any provision of this act may be assessed a civil penalty of not more than $1,000 for the first violation and not more than $5,000 for any subsequent violation during a 12-month period. Such penalties are in addition to any other civil penalties that may be imposed.
The act further provides that "[a]n action may be brought by the Attorney General, the state attorney, or the local or state agency which issued the permit to excavate for the enforcement of the civil penalty pursuant to this section."[13] Thus, any person who willfully and knowingly violates the provisions of the act is subject to civil penalties that may be enforced in an action by the Attorney General, the state attorney, or the local or state agency issuing the permit for the excavation.
You ask what party is responsible for notifying the Attorney General, the state attorney or the state or local agency that a violation has occurred. While Chapter 556, Florida Statutes, does not prescribe a procedure for such notification, it would appear that Sunshine State One-Call of Florida, Inc., as the entity charged with the administration of the act, could appropriately notify the agency that a violation has occurred.
The question has also arisen as to whether the amount of the civil penalty must be determined prior to the initiation of enforcement proceedings. There is nothing in the act that authorizes an entity to set the amount of the civil penalty prior to an agency's action to enforce such penalty. The amount of the penalty would necessarily be determined by a court of competent jurisdiction during a proceeding for its enforcement against an excavator who is in violation of the act. The statutory authority to seek enforcement of civil penalties for the violation of an act would not appear to convey the additional substantive authority to determine the amount of a civil penalty that may be imposed.[14]
Section 556.106(2), Florida Statutes, imposes the following liability upon excavators:
(a) In the event any person violates s. 556.105(1) or (6), and subsequently . . . performs an excavation or demolition which damages an underground facility of a member operator, it shall be rebuttably presumed that such person was negligent. Such person, if found liable, shall be liable for the total sum of the losses to all member operators involved as those costs are normally computed. Any damage for loss of revenue and loss of use shall not exceed $500,000 per affected underground facility. . . .
(b) If any excavator fails to discharge a duty imposed by the provisions of this act, such excavator, if found liable, shall be liable for the total sum of the losses to all parties involved as those costs are normally computed. Any damage for loss of revenue and loss of use shall not exceed $500,000 per affected underground facility. . . .[15]
Thus, the act recognizes that excavators who do not follow the procedures prescribed therein may be found liable for the damages they cause. The manner in which a civil action would be instituted in order to seek such damages would be governed by the Florida Rules of Civil Procedure. It would appear that a civil suit for damages would be brought by the member operators whose underground facilities are damaged due to the excavator's failure to comply with Chapter 556, Florida Statutes. Unlike the provision in section 556.107, Florida Statutes, which authorizes the Attorney General, the state attorney, or the state or local agency that issued the permit for the excavation to file a civil action to enforce the civil penalties contained in the act, there are no provisions in Chapter 556, Florida Statutes, that require a public official or agency to seek damages on behalf of member operators who have suffered a loss.
Accordingly, the civil penalties prescribed in Chapter 556, Florida Statutes may be sought by the Attorney General, the state attorney, or the state or local agency issuing the permit for excavation, while a member operator whose facilities are damaged by an excavator who fails to comply with the notification procedures of the act may seek damages through a civil action.
Question Three
Chapter 556, Florida Statutes, creates a not-for-profit corporation, "Sunshine State One-Call of Florida, Inc.," to administer the provisions of the act. While there are criminal and civil penalties for violation of Chapter 556, Florida Statutes, I have not found, nor have you directed my attention to, any legislatively authorized administrative means to enforce compliance with the act.[16] However, in light of the purpose of the act, to "[a]id the public by preventing injury to persons or property and the interruption of services resulting from damage to an underground facility caused by excavation or demolition operations,"[17] it would appear that the corporation could properly seek to enjoin the excavation or demolition activities of an excavator who has not complied with the notification requirements of the act.[18]
Due to the lack of clearly defined procedures available to enforce compliance with Chapter 556, Florida Statutes, this matter may be appropriate for legislative consideration.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 556.102(9), Fla. Stat. (1993), defines "Underground facility" to mean
any public or private personal property which is buried, placed below ground, or submerged on any member operator's right-of-way, easement, or permitted use which is being used or will be used in connection with the storage or conveyance of water; sewage; electronic, telephonic, or telegraphic communication; electric energy; oil; petroleum products; natural gas; optical signals; or other substances, and includes, but is not limited to, pipelines, pipes, sewers, conduits, cables, valves, and lines. For purposes of this act, a liquefied petroleum gas line regulated under chapter 527 is not an underground facility unless such line is subject to the requirements of Title 49, Code of Federal Regulations, adopted by the Department of Insurance, provided there is no encroachment on any member operator's right-of-way, easement, or permitted use. Petroleum storage systems subject to regulation pursuant to chapter 376 are not considered underground facilities for the purposes of this act unless the storage system is located on a member operator's right-of-way or easement.
[2] See, s. 556.101, Fla. Stat. (1993).
[3] Section 556.101(3)(b), Fla. Stat. (1993).
[4] Section 556.101(3)(c), Fla. Stat. (1993). "Member operator" is defined in s. 556.102(7), Fla. Stat. (1993), as "any person who furnishes or transports materials or services by means of an underground facility and who elects to participate as a member of the one-call notification center for any portion of the territory served by the person."
[5] Section 556.104, Fla. Stat. (1993). See also, s. 556.101, Fla. Stat. (1993) stating, "It is not the purpose of this act to create liability for negligence on the part of any operator of an underground facility who elects to not participate in the one-call notification system created by this act."
[6] See, s. 556.105(1)(a) and (b), Fla. Stat. (1993).
[7] Section 556.105(2) and (3), Fla. Stat. (1993).
[8] Section 556.105(5), Fla. Stat. (1993).
[9] Section 556.105(6)(a), Fla. Stat. (1993).
[10] Section 556.105(6)(b), Fla. Stat. (1993).
[11] See, e.g., s. 267.13(1)(b), Fla. Stat. (1993) (destruction of archaeological site upon state land or within designated state archaeological landmark zone without proper permit is felony of the third degree); and s. 872.05(10), Fla. Stat. (1993) (willful and knowing destruction of unmarked human burial is felony of the third degree; failure to notify law enforcement of damage to unmarked human grave is misdemeanor of the second degree).
[12] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (Where Legislature has prescribed the mode, that mode must be observed).
[13] Section 556.107(3), Fla. Stat. (1993).
[14] See, State Department of Environmental Regulation v. Puckett Oil Co., Inc., 577 So.2d 988 (Fla. 1st DCA 1991) (powers of an administrative agency are measured and limited by statutes in which such powers are expressly granted or implicitly conferred).
[15] See also, s. 556.106(3), Fla. Stat. (1993), imposing liability upon a member operator who fails to comply with the provisions of the act; and s. 556.106(4), Fla. Stat. (1993), imposing liability upon the system for failure to discharge its duties under the act.
[16] Cf., s. 489.531(3)(a) and (d), Fla. Stat. (1993), authorizing a local code enforcement officer to issue a citation for any violation of the contractor's licensing act and providing that the act for which the citation is issued shall cease upon receipt of the citation.
[17] Section 556.101(3)(a), Fla. Stat. (1993).
[18] See, City of Pompano Beach v. Yardarm Restaurant, Inc.,509 So.2d 1295 (Fla. 4th DCA 1987).