THOMPSON, J.
The Department of Community Affairs appeals an order entered on its motion for a temporary injunction.
Marion County enacted Ordinance 98-2, which placed a moratorium on the issuance of permits for manufactured buildings in the R-l zoning district. The department sued the county, alleging that the ordinance violated section 553.38, Florida Statutes,[1] and that it was authorized by the same statute to bring the action. The department moved for a temporary injunction enjoining enforcement of Ordinance 98-2, and “any subsequent enactment banning manufactured buildings from the R-l district merely because they are manufactured buildings.” The court denied the motion for temporary injunctive relief, and the department appealed.
Days after the court issued its order, the county enacted Ordinance 98-21, which repealed Ordinance 98-2, and which proscribed the erection of manufactured buildings in subdivisions within the R-l district. On appeal, the department ignores Ordinance 98-2, upon which the court ruled. Instead, the department focuses on Ordinance 98-21 and argues that it violates section 553.38, and that the court incorrectly denied its motion for temporary in-junctive relief. Since the lower court did not and could not rule on the later ordinance, we interpret the department’s argument to be that the court improperly denied the portion of the motion seeking an injunction against enforcement of future ordinances that prohibit manufactured buildings merely because they are manufactured buildings. In view of the fact that this statute has been tested in only one reported decision, see Campbell v. Monroe County, 426 So.2d 1158 (Fla. 3d DCA 1983), and in view of the encroachment upon the legislative prerogative that an injunction on future enactments would entail, see Port Everglades Authority v. International Longshoremen’s Ass’n, Local 1922-1, 652 So.2d 1169 (Fla. 4th DCA 1995); City of Pompano Beach v. Yardarm Restaurant, Inc., 509 So.2d 1295 (Fla. 4th DCA 1987); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969); Associated General Contractors of America v. City of Columbus, 172 F.3d 411 (6th Cir.1999), we cannot say the court abused its wide discretion, see Perry & Co. v. First Security Insurance Underwriters, Inc., 654 So.2d 671 (Fla. 3d DCA 1995), in denying the motion.
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.

. 553.38. Application and scope
(1) The department shall promulgate rules which protect the health, safety, and property of the people of this state by assuring that each manufactured building is structurally sound and properly installed on site and that plumbing, heating, electrical, and other systems thereof are reasonably safe, and which interpret and make specific the provisions of this part.
(2) The department shall enforce every provision of this part and the rules adopted pursuant hereto, except that local land use and zoning requirements, fire zones, building setback requirements, side and rear yard requirements, site development requirements, property line requirements, subdivision control, and onsite installation requirements, as well as the review and regulation of architectural and aesthetic requirements, are specifically and entirely reserved to local authorities. Such local requirements and rules which may be enacted by local authorities must be reasonable and uniformly applied and enforced without any distinction as to whether a building is a conventionally constructed or manufactured building. A local government shall require permit fees only for those inspections actually performed by the local government for the installation of a factory-built structure. Such fees shall be equal to the amount charged for similar inspections on conventionally built housing.